DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Pickaway County Court of Common Pleas. Plaintiff-Appellant Lawrence P. Hock argues that the trial court erred in failing to order the immediate disposition of the marital residence. Appellant also argues that the trial court's award of spousal support was excessive. We find that the trial court did not abuse its discretion in dividing the marital property and awarding spousal support. Accordingly, we affirm the judgment of the trial court.
 STATEMENT OF THE CASE
Appellant and Defendant-Appellee Marie A. Hock were married October 7, 1979, in Columbus, Ohio. Two children were born issue of this marriage, Nicholas in 1980, and Krista in 1983. The parties separated in September 1996, and appellant filed for divorce on June 2, 1997.
On July 22, 1997, the trial court issued a temporary order for spousal and child support. The court ordered appellant to pay appellee $200 per month in spousal support and $593 per month in child support. The court also ordered appellant to make the mortgage payments on the marital residence. The court made the support order retroactive to June 6, 1997.
On July 30, 1997, the Lawrence County Clerk of Courts filed a certificate stating that a payroll deduction order had been sent to appellant's employer. The order required the employer to withhold $808.86 per month from appellant's pay. This figure represents appellant's total obligation for spousal and child support, plus two percent poundage. Appellant's employer began withholding support payments from his paychecks in August 1997.
The parties agreed to the division of the bulk of the personal property accumulated during the marriage. The trial court did not affix any value to this personal property. Such a valuation was not necessary because the parties divided the property by agreement. See Goode v. Goode (1991),70 Ohio App.3d 125, 590 N.E.2d 439. The parties did not reach an agreement concerning the division of two major assets: appellant's interest in certain pension plans provided by his employer, and the marital residence, consisting of a house and twenty-three acres.
The parties submitted joint exhibits regarding the value of appellant's pension plans, as well as the value of the marital residence. The pension evaluator estimated appellant's pensions to have a combined value of $13,089.27 as of February 23, 1998. Two appraisals of the marital residence valued the property at $70,000 and $76,500, respectively. The parties stipulated that the mortgage balance on the marital residence was $40,258.
Beginning on November 20, 1998, and continuing on January 13, 1999, the trial court held a final hearing to decide the remaining issues of property division, child custody, and support. At the time of the final hearing, appellee resided in the marital domicile with the two children. Nicholas, who had reached the age of majority on March 17, 1998, was employed and was also attending Ohio State University. Krista was a sophomore at Teays Valley High School. In an interview in chambers, Krista informed the court that she desired to remain at Teays Valley until her graduation in June 2001.
Appellant testified that he desired to take possession of the marital residence, and that he was financially able to purchase appellee's equity interest in the residence. He submitted a letter from a mortgage company indicating that he could refinance the mortgage on the marital residence and receive an additional $15,000 to purchase appellee's equity interest. The letter indicated that appellant's credit was based, in part, on the assumption that he did not have monthly child and spousal support obligations.
Appellant also testified concerning an arrearage in his temporary support payments. The arrearage accrued between June 6, 1997, the effective date of the temporary support order, and August 1997, when appellant's employer began deducting the payments from appellant's paycheck. Appellant made no support payments during this period. However, he claimed that he was entitled to credit toward the arrearage for payments that he made on behalf of appellee between the date of separation of the parties in September 1996 and the issuance of the temporary support order in July 1997. Appellant also noted that his child support payments had not been adjusted even though Nicholas had attained the age of majority and graduated from high school.
The trial court issued the final decree of divorce on March 18, 1999. The decree assigned the pension plans to appellant. The decree further specified that appellee could remain in the marital residence until Krista graduates from high school in June 2001. At that time, the property is to be sold, and the proceeds equally divided between the parties. In order to equalize the property division, the trial court directed appellant to pay appellee $6,544.64 from his share of the house sale proceeds, to compensate appellee for her interest in the pension plans. Appellant is responsible for the mortgage payments and routine maintenance of the marital residence until the property is sold.
The trial court ordered appellant to pay appellee $250 per month in spousal support for a period of five years, and to maintain health insurance on appellee for three years. As part of the spousal support order, the court also ordered appellant to pay $2,500 of appellee's attorney fees, payable at the rate of $200 per month. The court further ordered appellant to pay $444.75 in child support for Krista, and to maintain health insurance on her until she graduates from high school. Finally, the decree ordered appellant to pay a $574.46 arrearage, which had accrued under the temporary support order.
Appellant timely filed his notice of appeal, and he presents two assignments of error for our consideration:
 THE PICKAWAY COUNTY COURT OF COMMON PLEAS ERRED IN NOT MAKING AN IMMEDIATE DIVISION OF THE PARTIES' REAL PROPERTY, LEAVING SAID PARTIES UNNECESSARILY ENTANGLED.
 PLAINTIFF-APPELLANT'S MONTHLY SPOUSAL SUPPORT OBLIGATION WHEN CONSIDERED IN TOTALITY (DIRECT AND IN-KIND — I.E. MONTHLY ORDER, MORTGAGE, COBRA, AND ATTORNEY FEES) IS EXCESSIVE IN LIGHT OF PLAINTIFF-APPELLANT'S CURRENT INCOME AND EARNING POTENTIAL. FURTHER, PICKAWAY COUNTY COURT OF COMMON PLEAS ERRED IN NOT GIVING PLAINTIFF-APPELLANT CREDIT FOR MONIES EXPENDED ON DEFENDANT-APPELLEE'S BEHALF IN RELATION TO THE EFFECTIVE DATE OF SAID SPOUSAL SUPPORT ORDER.
 I.
In his First Assignment of Error, appellant argues that the trial court abused its discretion by not making an immediate disposition of the marital residence. He argues that it is inequitable to require him to maintain the mortgage payments until June 2001, with no benefit or use of the marital property accruing to him during this time period.
The trial court enjoys broad discretion in formulating the division of marital assets and liabilities in a divorce action. See Cherry v. Cherry
(1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. A reviewing court is limited to a determination of whether, under the totality of the circumstances, the trial court abused its discretion in dividing the property. SeeHolcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597, 599. An abuse of discretion involves more than a mere error of judgment; it connotes an attitude on the part of the trial court that is arbitrary, unreasonable or unconscionable. See Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142.
As a general matter, we must view the property division as a whole in determining whether it has achieved an equitable and fair division of the marital estate. See Jelen v. Jelen (1993), 86 Ohio App.3d 199, 203,620 N.E.2d 224, 226. The division of property must be equitable, if not necessarily equal. See Bisker v. Bisker (1994), 69 Ohio St.3d 608, 609,635 N.E.2d 308, 309. The trial court abuses its discretion if it fails to address the factors listed in R.C. 3105.171. See id. The court "must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele v. Kaechele (1988), 35 Ohio St.3d 93,518 N.E.2d 1197, paragraph two of the syllabus. R.C. 3105.171(C)(1) provides:
 Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section.
R.C. 3105.171(C)(1).
The trial court's property division involved only the marital residence and appellant's pension plans. In keeping with the preference for preserving retirement assets intact, the trial court awarded appellant sole ownership of the pension plans. See Hoyt v. Hoyt (1990),53 Ohio St.3d 177, 559 N.E.2d 1292, paragraph two of the syllabus. The court ordered the eventual sale of the residence, with the proceeds to be equally divided between the parties. The court further ordered appellant to pay appellee $6,544.64, or half of the estimated value of the pension plans, out of appellant's share of the eventual sale proceeds from the residence.
The essence of appellant's First Assignment of Error is that the property division is inequitable because the decree did not immediately disentangle the interests of the parties. The decree permits appellee to remain in the marital residence until June 2001, when Krista is expected to graduate from high school. Appellant has been paying the mortgage on the residence ever since the parties separated in 1996, and the decree orders him to continue those payments until the residence is sold, on or after June 2001. Appellant argues that it is inequitable to require him to continue making payments on the residence when he receives no corresponding benefit from those payments. He contends that he has the ability to purchase appellee's equity in the residence, so the trial court should have granted him possession of the residence. We disagree.
In distributing marital property, the trial court must consider the "duration of the marriage," as well as the "assets and liabilities of the spouses." R.C. 3105.171(F)(1) and (2). The court should also consider "[t]he desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage." R.C. 3105.171(F)(3). Further, the court has broad discretion to grant a spouse the right to use the marital dwelling for any "reasonable period of time." R.C. 3105.171(J)(1).
Appellant and Appellee were married for approximately twenty years. Appellee is the residential parent of Krista, the parties' minor child. Krista indicated to the court that she wishes to remain at her current school until her graduation. Appellee, at the time of the trial, was unemployed, in ill health, and had little immediate prospect for employment. These factors support the trial court's determination that it is desirable to permit appellee to remain in the marital residence until Krista graduates from high school.
We also note that the record does not support appellant's contention that he is financially able to purchase appellee's equity interest in the marital residence. Appellant submitted a letter from a mortgage company stating that appellant could refinance the mortgage on the residence and borrow an additional $15,000 to purchase appellee's equity interest. However, the letter stated that appellant had not indicated whether or not he was paying child support. Appellant is paying both spousal and child support, so the letter does not support appellant's argument that he is capable of purchasing appellee's equity interest.
For the reasons stated above, we find that the trial court did not abuse its discretion by permitting appellee to reside in the marital residence until Krista graduates from high school.
Accordingly, appellant's First Assignment of Error is OVERRULED.
 II.
In his Second Assignment of Error, appellant argues that the trial court's spousal support order is unduly burdensome. He contends that, after paying spousal support, child support, and the mortgage payment, he is left with insufficient funds to meet his own expenses. Appellant further argues that the trial court erred in ordering him to pay a spousal support arrearage that accumulated under the trial court's temporary support order. Appellant contends that he is entitled to credit toward the arrearage for payments that he made to appellee before the trial court issued the temporary support order.
It is well established that the trial court enjoys "wide latitude in determining the appropriateness, as well as the amount," of spousal support. Bolinger v. Bolinger (1990), 49 Ohio St.3d 120, 122,551 N.E.2d 157, 159. Such an award will not be reversed unless the reviewing court, after considering the totality of the circumstances, finds that the trial court abused its discretion. See Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83, 87. However, the trial court must consider the factors listed in R.C. 3105.18(C)(1), and it must "weigh the need for support against the ability to pay." Layne v. Layne
(1992), 83 Ohio App.3d 559, 562-563, 615 N.E.2d 332, 333-334.
In the case sub judice, the trial court conducted a thorough analysis of all of the factors listed in R.C. 3105.18(C)(1). Specifically, the court found that appellant earned approximately $30,000 per year, while appellee is unemployed and her employment history primarily consists of low-wage jobs. Appellant is in good health, while appellee suffers from depression. The court determined that an award of spousal support was appropriate based on the disparity in income between the parties, appellee's ill-health, and the fact that the parties were married for approximately twenty years.
Appellant argues that the trial court's award of spousal support is excessive because the court failed to consider appellant's ability to pay. The trial court's total award of spousal support includes direct payments to appellee, health insurance coverage for appellee, and $2,500 of appellee's attorney fees. Appellant must pay appellee $250 a month in direct payments, and he contends that it costs him an additional $250 a month to maintain health insurance on appellee. The court ordered appellant to pay the attorney fees in monthly installments of $200. Appellant claims that, after paying all of the spousal support, $444.75 for child support, and $480.88 for the mortgage on the marital residence, he is left with only $228 per month to meet his own living expenses.
Clearly, it would be inequitable to impose a spousal support obligation that appellant is incapable of meeting. However, the record does not support appellant's argument that the trial court's final order is unduly burdensome. The trial court increased appellant's monthly obligation by requiring him to pay $200 per month for appellee's attorney fees. However, the court also reduced appellant's total monthly payment for child and spousal support by approximately $100. In addition, nothing in the record substantiates appellant's claim that appellee's health benefits cost him an additional $250 per month.
The record does not support appellant's argument that the spousal support order contained in the final decree of divorce is unduly burdensome. Appellant has not argued that he had insufficient funds to support himself under the temporary support order. Based on the record before us, it appears that the final decree did not significantly alter appellant's monthly support obligations. Accordingly, we find that the trial court did not abuse its discretion in determining the amount of appellant's spousal support obligation.
Appellant also raises a specific objection to the order of the trial court for him to repay an arrearage incurred under the temporary order for spousal support. He contends that he is entitled to credit for payments that he made on behalf of appellee prior to the trial court's issuance of the temporary support order. While appellant testified at the final hearing that he made such payments, he failed to provide any specific figures or documentation to support his claim. The trial court, as the trier of fact, was in a better position than this court to determine the credibility of appellant's testimony.
Appellant failed to make any payments under the temporary support order between June 6, 1997, the effective date of the order, and August 1997, when the payroll deduction order took effect. Although appellant testified that he made other payments on behalf of appellee during the separation of the parties, the trial court did not find this testimony persuasive. We defer to the trial court's determination of the weight and credibility to be given to appellant's testimony. See Seasons Coal Co.v. City of Cleveland (1984), 10 Ohio St.3d 77, 81, 461 N.E.2d 1273,1277. Nor has appellant provided any caselaw or statutory authority supporting his argument that he should receive credit toward the arrearage for payments that he made on behalf of appellee prior to the effective date of the temporary support order. Assuming, arguendo, that appellant made such payments, we find that the trial court was within its discretion to order appellant to pay the spousal support arrearage due under the temporary support order.
Accordingly, Appellant's Second Assignment of Error is OVERRULED. The judgment of the Pickaway County Court of Common Pleas, Domestic Relations Division, is AFFIRMED.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be AFFIRMED, and that Appellee is to recover of Appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Pickaway County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Abele, J.: Concur in Judgment and Opinion.
 ____________________________ David T. Evans, Judge