DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-Appellant Truman Shuler has appealed from a judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, that ordered a property division and spousal support when it granted a divorce between Mr. Shuler and Retta Jo Shuler, Defendant-Appellee. This Court affirms.
 I.
Mr. Shuler and Ms. Shuler were married on May 13, 1967, and have two children, now emancipated. On March 16, 1998, the parties were granted a divorce. In its divorce decree, the trial court divided the marital property and ordered Mr. Shuler to pay spousal support to Ms. Shuler for her lifetime. According to the trial court's calculations, the marital property was divided almost equally: $214,257.00 to Mr. Shuler and $214,227 to Ms. Shuler. Mr. Shuler has appealed asserting three assignments of error.
 II. A.
THE TRIAL COURT ABUSED THE DISCRETION AFFORDED IT BY LAW WHEN IT DECLARED [MR. SHULER'S] PENSION TO BE THE SOLE PROPERTY OF [MR. SHULER] AND THEN ORDERED THE SAME TO BE DIVIDED IN EQUAL HALVES AS PER A QUALIFIFED DOMESTIC RELATIONS ORDER.
In his first assignment of error, Mr. Shuler has argued that the trial court incorrectly awarded him one-hundred percent of his pension plan, only to turn around in the following paragraph and order that fifty percent of the plan's benefits be paid to Ms. Shuler. This argument was waived by counsel at oral arguments, and thus, will not be addressed.
Mr. Shuler further asserted in his first assignment of error that the trial court erred when it reached its final distribution by counting $3,313.00 in tax refunds and then again counted that amount in its award to Mr. Shuler of Account No. 9247729-08 at Lormet Allied Credit Union, Inc. It appears from the record that the parties stipulated that the they were the owners of federal and state income tax returns for 1996 totaling $3,313.00 which were being held in Account No. 9247729-08. Likewise, the record below indicates the parties stipulated to the existence and ownership of two accounts, Nos. 9247729-08 and 9347729-07 at Lormet Allied Credit Union. The trial court awarded Mr. Shuler the tax refunds and the money in Account 9247729-08, counting both towards Mr. Shuler's $214,257.00 total. However, these facts alone do not amount to reversible error.
Courts may not examine the valuation and division of particular assets in isolation, but must instead view the entire property division considering the totality of the circumstances.Jelen v. Jelen (1993), 86 Ohio App.3d 199, 203. In fact, a trial court enjoys broad discretion in fashioning an equitable division of the parties' marital property. Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 401, citing Berish v. Berish (1982), 69 Ohio St.2d 318. On appeal, a trial court's decision will not be disturbed absent an abuse of discretion. Id. "Abuse of discretion" is defined as more than an error of law or judgment; it implies that the trial court acted in an unreasonable, arbitrary, or unconscionable fashion. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
In the present case, the trial court's minor miscalculation will not impact the payment to Mr. Shuler. The bank will not pay him twice and as a result, Ms. Shuler will suffer no prejudice. Moreover, even if the trial court's distribution had not included the $3,313.00, it was still almost equal, to wit: $214,227.00 for Ms. Shuler and $210,994.00 for Mr. Shuler. Indeed, the trial court's distribution arguably favored Mr. Shuler as he received a greater share of the liquid marital assets and will not be forced to share the larger of the two pensions upon retirement. This Court concludes that the trial court's decision fulfilled the goal of disentangling the economic partnership to the extent possible while preserving a sense of equality overall. In this instance, the trial court's mistake does not disturb the entire distribution's equality. As such, Mr. Shuler's first assignment of error is overruled.
 B.
THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT MADE AN AWARD OF SPOUSAL SUPPORT IN FAVOR OF [MS. SHULER] IN THE AMOUNT OF $2500.00 PER MONTH.
In his second assignment of error, Mr. Shuler has argued that the trial court's spousal support was awarded without full consideration of all the relevant circumstances presented in this case. This Court disagrees.
R.C. 3105.18(C)(1) sets forth the factors a court must consider in evaluating whether an award of spousal support is appropriate and reasonable in a given case. Berthelot v. Berthelot
(Apr. 15, 1998), Summit App. No. 18331, unreported, at 8. Among the factors to consider for spousal support are "the relative education and earning abilities of the parties, the duration of the marriage, the standard of living established during the marriage, and the lost income production capacity of either spouse resulting from that party's marital responsibilities." Id.
Ultimately, domestic relations awards must be fair, equitable and in accordance with the law. Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 94. An appellate court will reverse a trial court's award of spousal support only when the lower court has abused its discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,218. The burden is upon the challenger to prove that the award was unreasonable, arbitrary or unconscionable. Kahn v.Kahn (1987), 42 Ohio App.3d 61, 66. In the instant case, this Court discerns no such abuse.
The trial court found that Ms. Shuler faces special economic problems. She has an eighth grade education and throughout three decades of marriage, she remained a homemaker never seeking employment. According to the record, she is 60 years of age and has significant medical expenses. Ms. Shuler's age, lack of marketable skills and medical problems make it virtually impossible for her to establish a career now.
Nevertheless, Mr. Shuler has attacked the trial court's award of spousal support claiming Ms. Shuler's $51,500.00 inheritance from her mother was not considered in the court's deliberations. Again, this Court disagrees. In its findings, the trial court specifically addressed Ms. Shuler's inheritance and further noted that such would provide her with an income of approximately $6,000.00 annually. In light of Ms. Shuler's apparent inability to gain employment and her medical expenses, this Court concludes the trial court considered the both the relevant circumstances and statutory factors, and, in the end, reached a just result. Mr. Shuler's second assignment of error is not well taken.
 C.
THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. SHULER] WHEN IT AWARDED THE PERSONAL PROPERTY OF [MR. SHULER] TO [MS. SHULER].
In his third assignment of error, Mr. Shuler has complained that the trial court's award of all the marital personal property was in error. Nevertheless, courts may not examine the division of particular assets in isolation, but must instead view the entire property distribution considering the totality of the circumstances. Jelen, 86 Ohio App.3d at 203. Ergo, it does not matter if particular assets are divided unevenly as long as the entire property distribution is equitable. Addy v. Addy (1994),97 Ohio App.3d 204, 211. Under certain circumstances, an award of all or nearly all the personal property to one party may even be acceptable. Id. at 211-12.
In the case at bar, the trial court's division was equitable. The personal property awarded to Ms. Shuler was delineated in the parties' stipulations as marital property. In turn, the trial court awarded Ms. Shuler all of the marital personal property. As the court in Addy observed, such action is entirely within the trial court's discretion. Moreover, as determined in the first assignment of error, the trial court's entire distribution was equitable. Thus, in light of the whole distribution, the award of personal property to Ms. Shuler was fair and equitable. Accordingly, this Court holds that that the trial court did not abuse its discretion. Mr. Shuler's third assignment of error is without merit.
 III.
Mr. Shuler's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE FOR THE COURT BAIRD, P.J.
SLABY, J.
CONCUR