JOURNAL ENTRY AND OPINION
Defendant, Carlos J. Aponte, appeals from the judgment entries of November, 24, 1999, issued by the Domestic Relations Court granting the plaintiff, Gloria I. Aponte, a divorce and distributing the marital property. For the following reasons, we affirm in part, and reverse in part.
The parties, plaintiff-appellee, Gloria I. Aponte, and defendant-appellant, Dr. Carlos J. Aponte, were married on June 4, 1968. The couple had two children from the marriage, a daughter, Gloria (DOB August 8, 1969), and a daughter, Audrey (DOB March 15, 1978). When the couple married, the appellant was attending medical school in Columbia, South America. Upon their arrival in the United States, the appellant completed an internship at Lutheran Medical Center in Cleveland and his residency at Metro General Hospital. Appellant then pursued a fellowship in rhumatology for two years at The Cleveland Clinic.
The appellant has been a licensed physician for over twenty-five (25) years. The appellant owns and operates his own practice. The appellee has testified that she was involved in all aspects of her husband's business and that she did assist him at his office. Appellee has also testified that she does some volunteer work at Fairview General Hospital, The Cleveland Clinic, and The Cleveland Ballet.
This case arises out of the initial complaint filed by the appellee on January 21, 1997, against her husband, Carlos J. Aponte, seeking a divorce, spousal support, restraining orders, attorney fees and equitable relief. This matter was assigned to the Cuyahoga County Court of Common Pleas, Division of Domestic Relations, in an attempt to resolve the issues of the case. The case was then assigned to a domestic court judge. A trial was held, the trial court heard substantial testimony and exhibits were submitted for review by the court. On November 24, 1999, after submissions by the parties of post-trial briefs and proposed journal entries, the trial court issued a nineteen (19) page judgment entry. On December 15, 1999, the defendant-appellant, Dr. Aponte, filed this timely notice of appeal.
The appellant has set forth the following assignments of error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN THE DIVISION AND ALLOCATION OF ASSETS.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN CHARGING THE ENTIRE AMOUNT OF THE HOME EQUITY LINE OF CREDIT AGAINST DEFENDANT.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN SETTING SPOUSAL SUPPORT.
 IV. THE TRIAL COURT ERRED IN REQUIRING THE DEFENDANT TO MAINTAIN A LIFE INSURANCE POLICY AS SECURITY FOR SPOUSAL SUPPORT.
 V. THE TRIAL COURT ERRED IN AWARDING, AS ADDITIONAL SPOUSAL SUPPORT, ATTORNEY FEES IN THE AMOUNT OF $50,000.00.
 VI. THE TRIAL COURT ERRED IN REQUIRING DEFENDANT TO PAY PLAINTIFF'S INCOME TAXES FOR 1998 REGARDLESS OF HOW TAX RETURNS WERE FILED.
 VII. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ALLOCATING AND ORDERING THE DISBURSEMENT OF $38,641 TO PLAINTIFF AS PART OF THE DIVISION OF PROPERTY.
 VIII. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING DEFENDANT TO PAY ALL TAXES AND PENALTIES PERTAINING TO THE DISBURSEMENT OF $88,641.00.
The appellant's first assignment of error is without merit. In reviewing the trial court's decision, this Court must use an abuse of discretion standard. The term abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, citing Steiner v. Custer (1940), 137 Ohio St. 448; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140. In order for there to be an abuse of discretion, the result must be so palpable and grossly volatile of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * * State v. Jenkins (1984),15 Ohio St.3d 164, 222.
In appellant's first assignment of error, he questions the trial court's distribution of the marital estate. In domestic relations cases, we give broad deference to the trial court. Huff v. Huff (unreported), 2000 Ohio App. LEXIS 5874, citing, Martin v. Martin (1985),18 Ohio St.3d 292, 294, 480 N.E.2d 1112, 1114. Both R.C. 3105.18, which provides that the trial court may divide property as it deems equitable, and past case law require that the trial court have broad discretion in arriving at an equitable property division. Each divorce case is different, and the trial court must be free to consider all the relevant factors. Equitable need not mean equal. Cherry v. Cherry (1981),66 Ohio St.2d 348, 421 N.E.2d 1293. There is no set formula or equation for property division, and courts have been very reluctant in establishing a simple formula because any formula for division of property derives from the specific facts of each individual case. Berish v. Berish (1982), 69 Ohio St.2d 318, 432 N.E.2d 183.
The relevant factors to be considered by the trial court in making a division of marital property are: (1) the duration of the marriage; (2) the assets and liabilities of the spouses; (3) the desirability of awarding the family home; (4) the liquidity of the property to be distributed; (5) the economic desirability of retaining intact an asset or an interest in an asset; (6) the tax consequences of the property division upon the respective awards to be made to each spouse; (7) the costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property; (8) any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses; and (9) any other factors that the court expressly finds to be relevant and equitable. R.C. 3105.171(F)(1) through (9).
After reviewing the record, this court finds no evidence that the trial court's actions amounted to an abuse of discretion in making its property division. Upon review of the judgment entry, the trial court properly considered the factors necessary to review when making a determination of the division of marital property, including the appellee's age, background, education, job skills, and current health condition. The court's property division, though unequal, was nevertheless equitable when viewed in the context of this particular case. Therefore, appellant's first assignment of error is without merit.
In appellant's second assignment of error, appellant argues that the court abused its discretion in charging the entire amount of the home equity line of credit to the appellant. Appellant's second assignment of error is without merit.
In this case, the trial court required the appellant to pay the entire home equity line of credit used to fund an irrevocable trust established by the appellant and the appellee to create an educational trust for the parties' child, Audrey. The court found that the appellant inappropriately obtained the home equity line of credit upon the marital residence and, therefore, should be liable for the entire sum.
This court must use the same abuse of discretion standard as applied to the prior assignment of error. Therefore, the result must be so palpable and grossly volatile of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * * State v. Jenkins (1984), 15 Ohio St.3d 164, 222.
Based upon this high standard of review, we find that the trial court's judgment did not amount to an abuse of discretion. Therefore, appellant's second assignment of error is without merit.
In appellant's third assignment of error, the appellant argues that the trial court abused its discretion in the calculation of spousal support. This assignment of error is without merit.
At the outset, "Ohio courts have held that, when making an initial award of spousal support, the trial court must demonstrate that it considered all of the statutory factors." Glick v. Glick (1999),133 Ohio App.3d 821, 830, 729 N.E.2d 1244, 1250, citing, Kucimanic v. Kucimanic (1997), 119 Ohio App.3d 609, 613, 695 N.E.2d 1205; Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197 at paragraph one of the syllabus. The court must indicate the basis for an award, presented with enough evidence that a reviewing court can determine if the sum is fair, equitable, and in accordance with the law. Glick at 830. So long as the trial court considers the statutory factors of R.C. 3105.18, the trial court's decision will be given wide latitude. Bechol v. Bechol (1990), 49 Ohio St.3d 21, 24, 550 N.E.2d 178. This court noted in McConnell v. McConnell, 2000 Ohio App. LEXIS 347 (Feb. 3, 2000), Cuyahoga App. No. 74974, unreported, that the trial court need not list and comment upon each factor of R.C. 3105.18, it must only consider each of the factors.
Upon this court's review of the testimony and the trial court's judgment entry, it appears that the court did list some of the factors found in R.C. 3105.18. The appellant further argues that the trial court should not have considered the appellee's standard of living in its determination of spousal support. However, there is nothing to suggest that the court ruled as it did based solely on this factor. It appears that there are sufficient findings of fact by the trial court to create a proper record for review in the determination of spousal support. Therefore, it is the opinion of this court that the trial court did not abuse its discretion in the calculation of spousal support. Appellant's third assignment of error is, therefore, without merit.
Appellant alleges in his fourth assignment of error that the trial court erred in requiring the appellant to maintain a life insurance policy as security for spousal support. Appellant's fourth assignment of error has merit.
The trial court decreed that, effective December, 1, 1999, the appellant must maintain a life insurance policy in the amount of five-hundred thousand dollars ($500,000.00), and shall name the appellee as the irrevocable beneficiary. The court further stated that this policy shall be kept in place until such time as the appellant's spousal support obligation terminates. The spousal support payments in this case are subject to the death of either party; or the remarriage of the appellee, Gloria I. Aponte; or the cohabitation with an unrelated male.
According to R.C. 3105.18(B): Any award of spousal support made under this section shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise. In McCoy v. McCoy (1993) 91 Ohio App.3d 570, 632 N.E.2d 1358, this court found that unless the trial court's order contained specific language to suggest otherwise, spousal support terminates upon the death of either party. Id at 582. "Therefore `security' in the form of life insurance is inappropriate for spousal support payments." Id, citing, Keating v. Keating (June 17, 1993), Cuyahoga App. Nos. 63885 and 64943, unreported, 1993 WL 215446.
In a case similar to the case at bar, this court has also held that "by requiring plaintiff-appellant to maintain defendant-appellee as a beneficiary, the trial court is not necessarily securing payment of plaintiff-appellant's spousal support obligations and is, in effect, providing defendant-appellee with a spousal support award after the death of plaintiff-appellant." Oatey v. Oatey (April 25, 1996), Cuyahoga App. Nos. 67809 and 67973, unreported, 1996 LEXIS 1685, see, Addy v. Addy (1994), 97 Ohio App.3d 204, 646 N.E.2d 513. Accordingly, appellant's fourth assignment of error is with merit, and the trial court's decision is reversed outright as a matter of law.
In his fifth assignment of error, Appellant claims the trial court erred in awarding, as additional spousal support, attorney's fees in the amount of $50,000.00. Appellant's fifth assignment of error is without merit.
When a trial court awards attorney fees, the court must consider the same factors considered when making an award of spousal support. Glick v. Glick (1999), 133 Ohio App.3d 821, 831, 729 N.E.2d 1244, citing, Williams v. Williams (1996), 116 Ohio App.3d 320, 328, 688 N.E.2d 30. In addition, "two important considerations are the financial ability of the payor spouse and whether a failure to award reasonable attorney's fees will prevent either party from fully litigating his rights and adequately protecting his interests." Williams at 328. For a reviewing court to reverse a trial court's award of attorney fees, there must be evidence of an abuse of discretion or that the award is not supported by the weight of the evidence. Id. An abuse of discretion does not occur if there is evidence as to all factors pertinent to the reasonableness of the fees and where the trial court considers each of the factors. Rantz v. Rantz (1988), 51 Ohio App.3d 66. The factors listed in Rantz are the same factors set forth in Swanson v. Swanson (1976), 48 Ohio App.2d 85. In the case at bar, the trial court ruled in its judgment entry:
 The Court finds further that, after considering the factors that are set forth in Swanson v. Swanson (1976), 48 Ohio App.2d 85; Ohio Revised Code Section 3105.18; and Rule Twenty-one (21) of the Local Rules for the Division of Domestic Relations, the Defendant, Carlos J. Aponte, should be obligated to pay reasonable attorney fees of the Plaintiff, Gloria I. Aponte, in the amount of Fifty Thousand Dollars ($50,000.00). The Court finds that the Plaintiff, Gloria I. Aponte's attorney fees were reasonable and necessary in this matter.
A review of the trial court's decision does not show evidence to constitute an abuse of discretion in the awarding of attorney fees to the appellee. The trial court stated that upon consideration of Swanson, R.C.3105.18 and Rule 21, a determination was made and the awarding of fees was both necessary and reasonable. As the record reflects, the appellee has no means of income and has been a homemaker throughout the marriage. The appellant is a doctor, in private practice with earnings of at least one-hundred and fifty thousand dollars ($150,000.00) annually. Therefore, it is clear that the appellant is better situated financially to pay the attorney fees. The appellant is also not paying the entire amount of appellee's attorney fees, but only a percentage of the fees. Due to the appellee's limited resources, she would not have been able to fully litigate her claim were it not for an award of attorney fees.
Therefore, appellant's fifth assignment of error is overruled.
In Appellant's sixth assignment of error, he alleges that the trial court erred in requiring defendant to pay plaintiff's income taxes for 1998, regardless of how the tax returns were filed. Appellant's sixth assignment of error is without merit.
In dividing marital property, the trial court is required to consider the tax consequences of the division. R.C. 3105.171 (F)(6) In Neely v. Neely (Nov. 14, 1984), Hamilton App. No. C-830928, unreported, at 5, the court held that the trial court had the authority to order a party in a divorce action to amend a federal tax return. See also Ferrick v. Ferrick (April 1, 1998), Summit App. No. 18486, unreported, 1998 Ohio App. LEXIS 1369. Further, the reviewing court allowed the trial court's actions because the appellant had not raised the argument that he possessed a legitimate concern that the appellee would be filing a fraudulent or inaccurate return, and that on that basis he had a fear of personal or criminal liability. Id. Therefore, absent such concern in the case at bar, and absent an abuse of discretion by the trial court in its decision, the order that the appellant is to pay appellee's income tax for the year of 1998 is proper. Appellant's sixth assignment of error is overruled.
The appellant's Seventh assignment of error states that the trial court erred and abused its discretion in allocating and ordering the disbursement of $38,641.00 to plaintiff as part of the division of property.
This court has previously discussed this matter in appellant's first assignment of error, and we reassert our determination in this assignment of error. Therefore, appellant's seventh assignment of error is without merit and overruled.
In appellant's eighth assignment of error, he claims that the trial court erred and abused its discretion in ordering defendant to pay all taxes and penalties pertaining to the disbursement of $88,641.00.
Based on this court's prior findings, appellant's eighth assignment of error is rendered moot.
Judgment affirmed in part, reversed in part.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., AND JAMES J. SWEENEY, J., CONCUR.
 _______________________________ FRANK D. CELEBREZZE, JR., JUDGE