DECISION AND JUDGMENT ENTRY
This appeal is from the final judgment entry of divorce entered August 5, 1999 by the Lucas County Court of Common Pleas, Domestic Relations Division. Appellant, Mark W. Cousino, asserts the following assignments of error on appeal:
 "I. THE TRIAL COURT ERRED WHEN IT MISIDENTIFIED A CHECK IN THE AMOUNT OF FORTY THOUSAND SEVEN HUNDRED TWO DOLLARS AND 00/100 ($20,702.00) FROM THE SALE OF THE 1998 FARM CROP SALE, AS `NET PROCEEDS' INSTEAD OF `GROSS PROCEEDS,' AND; [SIC] COUNTED TWO OTHER ITEMS, A `BEAN' CROP SETTLEMENT CHECK IN THE AMOUNT OF SEVEN THOUSAND FOUR HUNDRED EIGHTY-SIX DOLLARS AND 75/100 ($7,486.75) AND THE FIFTH THIRD BANK FARM ACCOUNT WITH SEVEN THOUSAND SEVENTEEN DOLLARS AND 00/100 ($7,017.00), AS SEPARATE ASSETS WHEN THESE SUMS WERE ALREADY INCLUDED IN THE FORTY THOUSAND SEVEN HUNDRED TWO DOLLARS AND 00/100 ($40,702.00) PROCEEDS GENERATED FROM THE FARM CROP SALE.
 "II. THE TRIAL COURT ERRED WHEN THROUGH A TYPOGRAPHICAL ERROR IT INCREASES [SIC] AN ASSET IDENTIFIED IN THE DECISION AS A BANK ACCOUNT WITH DEPOSITED SUMS OF TWO HUNDRED FORTY-EIGHT DOLLARS, TO A BANK ACCOUNT WITH A SUM OF THREE THOUSAND TWO HUNDRED FORTY-EIGHT DOLLARS."
Appellee also appealed from this decision and asserts the following cross-assignments of error:
"ASSIGNMENT OF ERROR NO. I.
 "THE TRIAL COURT ERRED IN DETERMINING THE AMOUNT AND DURATION OF SPOUSAL SUPPORT AWARDED TO APPELLEE.
"ASSIGNMENT OF ERROR NO. II.
 "THE TRIAL COURT ERRED IN PLACING OF THE [SIC] $314,900 VALUE ON THE RESIDENCE PROPERTY."
Upon consideration of the assignments of error, we reverse the decision of the lower court.
The parties were married in 1982 at the ages of eighteen and twenty. Appellee sought a divorce in August 1997. The couple had two children during this time who were born in 1988 and 1990.
Appellant has a high school education, has been employed as a truck driver since graduation making $13.35 an hour (as of November 1998) and works a normal forty-hour week. He has also supplemented his income by farming. He began farming with his father as a young boy. He began farming on his own in 1991 with the financial help of his father.
Appellee has a high school education and was initially employed full time as a child care worker. She later took a part-time child care position at Riverside Hospital. She currently works sixteen hours each week for $9.58 an hour. Appellant and appellee decided that appellee should reduce her work to part-time status after the children were born so that she could care for the children. Appellee testified that she tried to become involved with the farming operation from a financial perspective from the beginning of the operation, but appellant prevented her from doing so. She did, however, do some of the work.
The couple constructed their residence in 1992 for approximately $120,000. Appellant had purchased ten acres in 1987 for $30,000 and another twenty acres in 1990 for $50,000. Appellant and appellee later divided the land to sell two one-acre parcels for $24,000 each.
In 1998, the farming operation generated $40,702.32 for the sale of grain produced on two hundred eighty acres. In 1997, the gross income from the sale of crops was $93,512, with $86,220 being received for the sale of grain. Appellee explained the difference between the profit level for the two years on the fact that he farmed more acres in 1997 than in 1998. The farming operation produced a $1,152 loss for 1992; a $11,776 profit for 1993; a $13,927 loss in 1994; a $3,072 profit for 1995; a $7,373 loss for 1996; and a $31,967 gain for 1997. Appellant also testified that the increase in the farming operation's gain in 1997 was due to the fact that he had planted only soybeans that year because he intended to give up farming to save his marriage. This would not have been a normal practice for a farmer to plant a single crop. He had chosen soybeans because they would produce the highest income if the crop was successful. Both parties testified that the profits from the farming operation were used to supplement the couple's living expenses. Appellee testified that appellant determined when and how the money would be spent.
Since the divorce, appellant has decided to give up farming as an extra means of income so that he can spend more time with his children. Appellee testified that appellant had told her that he was giving up farming so that it would not be calculated in his child support obligation. He also told her that she was entitled to nothing and would get nothing in the divorce.
The trial court divided the marital assets and awarded appellee spousal support for four years. Both parties appeal from this judgment.
In his first assignment of error, appellant argues that the trial court erred when it found that the 1998 proceeds from the sale of grain ($40,702) represented net income and failed to reduce this amount by farm operation expenses.
The court held that the net proceeds of $40,702 from the sale of the 1998 crop should be used to retire outstanding indebtedness with Ag Credit. Appellant raised this issue, and others, in the lower court in his Civ.R. 59 motion. The trial court denied the motion on the ground that this new issue does not qualify as newly discovered evidence. On appeal, the issue is not whether this issue is newly discovered evidence. Instead, we must determine whether the trial court had evidence before it to substantiate its valuation.
In order to make an equitable distribution of the marital property, the trial court has been given broad discretion to determine the method of valuing marital property, the value of the property, and how the property should be distributed between the parties. Berish v. Berish (1982),69 Ohio St.2d 318, 319; Eisler v. Eisler (1985), 24 Ohio App.3d 151,152, and James v. James (1995), 101 Ohio App.3d 668, 681. The trial court's valuation, however, must be supported by the evidence. Middendorfv. Middendorf (1998), 82 Ohio St.3d 397,401; Gregory v. Gregory (July 5, 2000), Wayne App. No. 98CA0046, unreported; and Corrigan v. Corrigan
(Sept. 12, 2001), Medina App. No. 3174-M, unreported.
We agree with appellant that the evidence clearly indicates that the proceeds from the sale of the 1998 crop is gross proceeds of the farming operation. Appellant presented evidence of his net income from the sale of the 1998 fall crop and his operational costs.
We find that the trial court failed to deduct reasonable business expenses from the farm's gross proceeds derived from the sale of the 1998 fall crop. Therefore, we conclude that the court abused it discretion in valuing this marital property.
Appellant also asserts under this assignment of error that the trial court erred by counting the 1998 crop proceeds twice in its division of the marital assets. We agree.
The court counted as assets of the parties, the $40,702 proceeds from the sale of the 1998 crop and the balance of $7,017 in appellant's Fifth Third farm account, and the funds held in escrow by appellant's attorney, which the court stated was an unidentified amount from a bean settlement check. The court then ordered that $40,702 proceeds from the sale of the 1998 crops be used to offset the debt owing to Ag Credit and that the monies being held in escrow be divided equally between the parties. However, the court made no order regarding the Fifth Third farm account it found to be an asset of the parties.
With respect to the 1998 crop, appellant testified that he received three checks for the sale of the crop: $7,486.75 for corn, which was given to his lawyer to put in an escrow account, and two other checks for $15,435.86 and $16,889 for soybeans, which were deposited into appellant's Fifth Third farm account. These last two checks total $32,324.80.
It appears from the trial court's decision that the court counted the funds in escrow twice in its division of the marital property. The $7,486.75 placed in escrow is clearly part of the total $40,702 of gross proceeds received from the sale of the 1998 crop.
Appellee contends that the court found that appellant never deposited two of the grain checks in the farm bank account and, therefore, the balance is additional monies received by the parties. However, the court did not make this specific finding in its decision. Therefore, we must presume that the court made an error. Since the court did not make a distribution of the remaining funds ($7,017) in the Fifth Third account, it did not count this amount twice.
Accordingly, we find that appellant's first assignment of error well-taken.
In his second assignment of error, appellant argues that the trial court made erroneous factual findings regarding the balances in the checking and savings accounts. Appellant contends that the court should have found that the parties have a Cousino Farms joint checking and savings account with Huntington National Bank with a balance of $248 and a personal Huntington National Bank joint savings account with a balance of $200.
Appellee contends that there was no evidence presented regarding the parties' personal savings account. Furthermore, she contends that these errors do not appear in the judgment entry and, therefore, cannot be addressed by this court which only reviews the judgment entry of the lower court.
Appellant bears the duty to demonstrate where error occurs on the record. App.R. 9(B) and Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7. There is no requirement that the error be apparent on the face of the judgment entry. Therefore, the appellate court may consider findings of fact made in the trial court's decision to determine whether it erred in distributing the marital property.
Twice in its decision, the court identified as marital assets of the parties the "Cousino Farms' joint checking and savings account" with a balance of $248 as of December 12, 1997 (taken from "Defendant's Exhibit FFF") and the "parties' joint savings account" with a balance of $200 (taken from "Plaintiff's Schedule IV filed August 14, 1997"). Later in the decision and in the final judgment entry, the court awarded appellee the "Cousino Farms' Huntington Bank joint checking and savings account" with a balance of $3,248 and appellant the "Huntington joint savings account" with a balance of $2,200.
We agree with appellant that the record demonstrates that the trial court erroneously valued these two bank accounts based on the evidence before it. Therefore, we find appellant's second assignment of error well-taken.
In her first cross-assignment of error, appellee argues that the trial court erred in determining the amount and duration of the spousal support awarded to appellee. Appellee argues that the trial court should have considered the income appellant generated from his farming operation in calculating his annual income since the farming profit was used to support the family.
The court specifically found that appellant's decision to quit farming was reasonable and in the best interest of the children. The court based its decision on the fact that the farming operation was not appellant's primary occupation; that appellant stopped farming in order to "effectuate his visitation and companionship schedule with the children;" and that his decision to quit farming is evidenced by the sale of all of the farming equipment. Appellee also asserts that the amount of spousal support awarded ($350 per month for two years and then $250 per month for an additional two years) is insufficient under the circumstances of this case. She believes that the award should have been $750 per month for six years.
In making a spousal support award, the court must consider the statutory factors set forth in R.C. 3105.18(C), including the relative earning abilities of the parties and the standard of living established during the marriage. McCoy v. McCoy (1993), 91 Ohio App.3d 570, 582, andAddy v. Addy (1994), 97 Ohio App.3d 204, 208-209. The determination of whether a party is underemployed for purposes of avoiding spousal support and how much support is warranted under the circumstances of each case are matters left to the discretion of the trial court. _Kunkle v.Kunkle (1990), 51 Ohio St.3d 64 and Kaechele v. Kaechele (1988),35 Ohio St.3d 93. Therefore, the trial court's decision will not be overturned on appeal unless it constitutes an abuse of discretion because it is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
In this case, the trial court imputed to appellee an annual salary of $10,712 if she could work full time hours at her current position as a child care worker. Appellant's gross income was estimated to be $32,430 a year. The court awarded appellee $350 a month spousal support for the first two years and $250 a month for the next two years. This award was given to "supplement her income and to enable her to finance vocational rehabilitation or additional education, if necessary."
Upon a review of the evidence in this case, we find that appellee has not demonstrated that the trial court's decision was unreasonable, arbitrary, or unconscionable. The court considered all of the factors required by the statute. This court cannot substitute its judgment for that of the trial court absent proof that the trial court abused its discretion. Having failed to meet this burden of proof, we find appellee's first cross-assignment of error not well-taken.
In her second cross-assignment of error, appellee argues that the trial court erred in determining the value of the marital residence to be $314,900. The trial court noted that the major difference between the two appraisals submitted into evidence was the valuation of the acreage. The court choose the valuation by appellant's appraiser because it represented the value of the parcel if it was split and individual parcels were sold at a premium as the parties had done in the past. Since there was evidence to support the trial court's valuation of the residence, we cannot find that the trial court abused its discretion.
Appellee's second assignment of error is not well-taken.
Having found that the trial court did commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is reversed. This case is remanded to the trial court for redistribution of the marital assets. Pursuant to App.R. 24, appellee is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J. JUDGES CONCUR.