[Cite as *Forchione v. Forchione*, 2013-Ohio-1761.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| MARY ANN FORCHIONE | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee/Cross-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ALLAN FORCHIONE | : | Case No. 2012CA00085 |
| | : | |
| Defendant-Appellant/Cross-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Domestic Relations Division, Case No. 2010-DR-01509


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      April 22, 2013


APPEARANCES:

For Appellant:

WENDY J. ROCKENFELDER
5502 Market Avenue North, Suite B
Canton, Ohio 44721

For Appellee:

MARY FORCHIONE
6478 Palmer Dr. N.W.
Canton, Ohio 44718

*Baldwin, J.*

{¶1} Appellant/Cross Appellee Allan Forchione appeals from the April 4, 2012 Decree of Divorce issued by the Stark County Court of Common Pleas, Domestic Relations Division.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant Allan Forchione and appellee Mary Ann Forchione were married on August 9, 1987. Four children were born as issue of such marriage.

{¶3} On December 15, 2010, appellee filed a complaint for divorce against appellant. Appellant filed an answer and counterclaim on January 11, 2011. Subsequently, a trial commenced on January 10, 2012.

{¶4} At the trial, testimony was adduced that appellant is employed as a salesman by Darko, Inc. and that his base pay is $60,000.00 a year. In addition, appellant is paid commissions. Joseph Nahra, Darco's controller, testified that, because of the cash flow of the business, it could take between six and eight months until appellant was paid his commissions. Appellant's line one W-2 earnings are as follows:

| | |
|------|-------------|
| 2007 | $172,315.72 |
| 2008 | $116,883.35 |
| 2009 | $145,806.17 |
| 2010 | $152,655.12 |
| 2011 | $145,890.17 |

{¶5} At trial, appellant testified that he was owed $105,00.00 in commissions from 2011.

{¶6} The trial court, in its Decree, found that appellant's average annual gross income for the period from 2007 to 2011 was $150,000.00 and that appellee's imputed annual gross income was $25,000.00. The trial court ordered appellant to pay spousal support to appellee in the amount of $2,666.67 a month for 99 months and ordered that spousal support would terminate upon either party's death, appellee's remarriage or appellee's cohabitation with a non-related male. The trial court also ordered that appellant maintain life insurance on his life, "naming the wife as irrevocable beneficiary in an amount sufficient to satisfy his obligation of the property settlement and spousal support, during the pendency of his support obligation."

{¶7} With respect to the property settlement, the trial court, in order to achieve equity in the division of marital property, ordered appellant to pay appellee the sum of $17,823.00. The trial court awarded appellant his 2011 unpaid commissions from Darko in the amount of $105,617.28. The trial court also ordered appellant to pay child support for the two children who were not emancipated.

{¶8} Appellant now appeals from the April 4, 2012 Decree of Divorce, raising the following assignments of error on appeal:

{¶9} "I. THE TRIAL COURT ERRED IN ORDERING THE APPELLANT TO SECURE A SPOUSAL SUPPORT OBLIGATION TERMINABLE UPON DEATH WITH LIFE INSURANCE.

{¶10} "II. THE TRIAL COURT'S DIVISION OF MARITAL PROPERTY WAS UNEQUAL AND INEQUITABLE BECAUSE IT FAILED TO ACCOUNT FOR THE TAX CONSEQUENCES OF A $105,000 COMMISSION DUE FROM THE APPELLANT'S

EMPLOYER AND THE SAME AMOUNT WAS USED TO ESTABLISH CHILD SUPPORT AND SPOUSAL SUPPORT.

I

{¶11} Appellant, in his first assignment of error, argues that the trial court erred in ordering appellant to secure a spousal support obligation terminable upon death with life insurance.

{¶12}     In the case sub judice, the Decree provides that spousal support would terminate upon either party's death. As is stated above, the Decree further orders appellant to maintain life insurance on his life, "naming the wife as irrevocable beneficiary in an amount sufficient to satisfy his obligation of the property settlement and spousal support, during the pendency of his support obligation."  Appellant now argues that because his spousal support obligation terminates on his death, the trial court abused its discretion in requiring him to maintain life insurance to secure his spousal support obligation.

{¶13}     As noted by this Court in *Campbell v. Campbell*, 5th Dist No. 12 AP 0001, 2012 -Ohio- 3059, paragraph 15, "'[a] clear majority of Ohio's appellate courts that have addressed the issue have concluded that an order to maintain life insurance to secure spousal support is within the discretion of the trial court; a court is not required to make the order, but may do so within certain limits.' *Vlah v. Vlah,* Geauga App.No. 97–G2049, 1997 WL 750812 (internal emphasis deleted)." In *Matics v. Matics,* 5th Dist. No.1995CA00114, 1996 WL 132244,  the appellant argued that the trial court erred in requiring him to maintain life insurance naming his children and the appellee as beneficiaries for as long as his child support and spousal support

obligations remained executory.  In rejecting the appellant's argument, this Court, in *Matics*, stated, in relevant part, as follows: "In support of this assignment of error, appellant cites to the case of *Addy v. Addy* (1994), 97 Ohio App.3d 204.

{¶14}     "The court in *Addy* found that the trial court erred in requiring a husband to maintain life insurance for security of spousal support payments because spousal support terminates upon the death of either party under R.C. 3105.18(B), unless the trial court's order expressly provides otherwise. *Id.* at 211. The judgment entry in *Addy* did not provide for payments to continue beyond the obligor's death. Thus, the court determined that the trial court abused its discretion in requiring the husband to maintain such a policy.

{¶15}     "In the case *sub judice,* appellant was ordered to maintain a life insurance policy to cover both his spousal support and child support obligations. We do not find that the trial court abused its discretion in ordering appellant to maintain the policy. Although the court's holding in *Addy* clearly contradicts our finding in this case, we are not bound by a decision issued by the Court of Appeals, Franklin County. We find that it is within a trial court's discretion to require this of an obligor. Appellant failed to submit any evidence that the court abused its discretion." *Id* at 3.

{¶16} Because there is no evidence in this case that the trial court abused its discretion in ordering appellant to maintain life insurance, appellant's first assignment of error is overruled.

II

{¶17} Appellant, in his second assignment of error, argues that the trial court's division of marital property was unequal and inequitable because the trial court failed

to account for the tax consequences of approximately $105,000.00 in commissions due from appellant's employer and because the same income was used to establish child support and spousal support.

{¶18} A trial court must divide the marital property equally or, if an equal division is inequitable, the court must divide the marital property equitably. R.C. 3105.171(C)(1). A trial court has broad discretion in dividing marital assets and liabilities in a divorce action. *Cherry v. Cherry,* 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981). Accordingly, an appellate court is limited to a determination of whether, under the totality of the circumstances, the trial court abused its discretion in dividing the property. *Holcomb v. Holcomb,* 44 Ohio St.3d 128, 131, 541 N.E.2d 597, 599 (1989). The term "abuse of discretion" implies more than just an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142 (1983).

{¶19} Appellant initially argues that the trial court erred in not taking into account the tax consequences of the unpaid 2011 $105,617.28 in commissions due to appellant from his employer in dividing the marital property. As is stated above, the trial court awarded appellant the $105,617.28 in dividing the marital property.

{¶20} As a general rule, a trial court must consider "the tax consequences of the property division upon the respective awards to be made to each spouse." R.C. 3105.171(F)(6). However, a trial court does not abuse its discretion by not taking note of the tax consequences if the evidence in that regard is speculative. *James v. James,* 101 Ohio App.3d 668, 688, 656 N.E.2d 399 (2nd Dist. 1995), citing *Day v. Day,* 40 Ohio App.3d 155, 159, 532 N.E.2d 201 (10th Dist. 1988).

{¶21} In the case sub judice, the tax consequences are speculative. Appellant did not provide the trial court with evidence as to exactly how much in taxes appellant would owe on the $105,617.28. Appellant argues that he paid $17,880.00 in taxes in 2010 on income of $163,273.00 for an average tax rate of about 11% and that, because his income for 2012 is about the same, his average tax rate for 2012 will be lower than 11%. However, appellant is merely speculating.

{¶22} Appellant also argues that the trial court erred in using the same $105,000.00 in commissions to establish child and spousal support. We disagree. There is no evidence that the approximately $105,000 was used in determining appellant's average income for the period from 2007 through 2011. The $150,00.00 figure used by the trial court as appellant's annual gross income for purposes of child and spousal support was arrived at by averaging the income figures for 2007 through 2011.  These figures did not include the $105,617.28 in commissions earned in 2011 but not yet paid at the time of the trial.

{¶23} Appellant's second assignment of error is, therefore, overruled.

{¶24} Accordingly, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

CRB/dr

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | |
| Mary Ann Forchione | : | |
| | : | |
| Plaintiff - Appellee | : | JUDGMENT ENTRY |
| Cross - Appellant | : | |
| | : | |
| -vs- | : | |
| | : | Case No.    2012-CA-00085 |
| Allen Forchione | : | |
| | : | |
| | : | |
| Defendant - Appellant | : | |
| Cross - Appellee | | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division is affirmed.  Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY