JELEN, Appellee and Cross-Appellant,

v.

JELEN, Appellant and Cross-Appellee.

[Cite as *Jelen v. Jelen* (1993), 86 Ohio App.3d 199.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–910744, C–910761.

Decided Feb. 3, 1993.

*Charles E. Hamilton,* for appellee and cross-appellant.

*Donald J. Meyer, Jr.,* for appellant and cross-appellee.

---

*Per Curiam.*

Plaintiff-appellee and cross-appellant Jo Ann M. Jelen and defendant-appellant and cross-appellee Victor F. Jelen have taken the instant appeals from their decree of divorce entered September 23, 1991. The defendant advances on appeal six assignments of error. The plaintiff, in her cross-appeal, has presented the court with no assignments of error. Therefore, upon the authority of App.R. 12, the plaintiff's cross-appeal, assigned appeal No. C–910761, is dismissed.

The parties were married in 1951. In October 1978, divorce proceedings were instituted upon the plaintiff's complaint. In December 1981, following hearings on the equitable division of the marital property, the domestic relations court referee issued his report and recommendations. The domestic relations court approved and adopted the referee's report in February 1982 and, in August 1982, entered a decree of divorce. In an earlier appeal, the judgment of the domestic relations court was reversed and the cause was remanded for a new trial.

In his report entered April 23, 1986, the referee recommended the adoption of April 5, 1978, as the *de facto* termination date of the marriage. The referee's remaining recommendations with respect to the equitable division of the marital property were set forth in his report issued June 20, 1990. By entry dated November 14, 1990, the domestic relations court overruled the parties' objections to the report of the referee and, on August 31, 1991, the court issued its findings of fact and conclusions of law. Finally, on September 23, 1991, the court entered a decree of divorce and these appeals ensued.

In his first assignment of error, the defendant challenges the domestic relations court's treatment of his interest in his father's company as marital property. We find no merit to this challenge.

The record of the proceedings before the referee discloses that, before the parties married, the defendant worked in his father's business. He was not paid for this labor, but a record was kept of his earnings. In June 1951, after the parties had married, the business was incorporated, and the defendant was issued

shares of corporate stock equal in value to the approximately $8,000 credit attributable to his premarriage labor. The defendant testified that, upon incorporation, he was issued twenty shares of stock, while the plaintiff asserted that the defendant was issued fifteen shares at the time of incorporation and five additional shares in the mid–1950s to induce him to return to the company after he graduated from college. It is undisputed, however, that, in 1973, the defendant purchased four additional shares from his father's estate for a total of twenty-four shares. In December 1977, the corporation was dissolved, and a partnership was formed to wind up its affairs. The defendant's twenty-four shares of stock entitled him to twelve percent of the company's capital proceeds upon dissolution, or approximately $81,000.

In devising an equitable division of property in a divorce proceeding, the fact that the property was brought to the marriage by one party is not determinative of the disposition of the property, but must be considered in relation to other relevant factors, including the duration of the marriage. See *Kahn v. Kahn* (1987), 42 Ohio App.3d 61, 536 N.E.2d 678; *Sanzenbacher v. Sanzenbacher* (1981), 3 Ohio App.3d 180, 3 OBR 206, 444 N.E.2d 454. The court below found that the nonmarital portion of the defendant's interest in his father's company had, over the twenty-seven-year duration of the marriage, transmuted to marital property. Upon the record before us, we are unable to conclude that this determination constituted an abuse of discretion. We, therefore, overrule the first assignment of error.

The defendant contends, in his second assignment of error, that the domestic relations court abused its discretion in treating as marital property certain securities, purchased during the marriage and held in both parties' names, when the source of the funds used to purchase the securities was "shareholder distributions" made upon the stock held by the defendant in his father's company. This contention is premised on the "source of funds" rule elucidated in *Kahn, supra,* and on the argument that the stock held by the defendant in his father's company constituted nonmarital property. Our determination under the first assignment of error, that the court below did not abuse its discretion in treating the defendant's stockholdings in his father's company as marital property, is, therefore, dispositive. Accordingly, we overrule the second assignment of error.

In his fifth assignment of error, the defendant challenges the domestic relations court's failure to award him statutory interest on his portion of the proceeds of the 1978 sale of an undeveloped parcel of real estate which the parties agree constituted marital property. This challenge is feckless.

The decision to award interest on obligations arising out of a division of marital property lies within the sound discretion of the trial court. *Koegel v.*

*Koegel* (1982), 69 Ohio St.2d 355, 23 O.O.3d 320, 432 N.E.2d 206. We find no abuse of discretion when the portion of the sale proceeds to which the defendant was entitled was deposited in an interest-bearing account, and the court awarded to the defendant the funds held in the account. Therefore, we overrule the defendant's fifth assignment of error.

■ Each of the defendant's remaining assignments of error presents a challenge to the domestic relations court's exercise of discretion in effecting a division of the parties' marital assets and liabilities. A domestic relations court is vested with broad discretion to determine what constitutes an equitable division of property in a divorce proceeding, and its exercise of discretion will not be disturbed on appeal in the absence of some demonstration that the court abused its discretion. *Martin v. Martin* (1985), 18 Ohio St.3d 292, 18 OBR 342, 480 N.E.2d 1112. In determining whether the trial court abused its discretion, a reviewing court cannot examine the valuation and division of a particular marital asset or liability in isolation; rather, the reviewing court must view the property division in its entirety, consider the totality of the circumstances, and determine whether the property division reflects an unreasonable, arbitrary or unconscionable attitude on the part of the domestic relations court. *Briganti v. Briganti* (1984), 9 Ohio St.3d 220, 9 OBR 529, 459 N.E.2d 896; *Koegel, supra; Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

■ The defendant, in his third assignment of error, asserts that the domestic relations court awarded the plaintiff a disproportionate share of his interest in his pension plan. We hold that the court's division of the defendant's retirement benefits did not constitute an abuse of discretion when the present value of the marital portion of the benefits was established in the proceedings before the referee by expert testimony, the marital portion of the benefits was divided equally between the parties, and the resultant division of the benefits served "to preserve the pension * * * [to enable] each party [to] procure the most benefit [while] disentangl[ing] the parties' economic partnership so as to create a conclusion and finality to their marriage." *Hoyt v. Hoyt* (1990), 53 Ohio St.3d 177, 559 N.E.2d 1292, paragraph two of the syllabus. Therefore, we overrule the third assignment of error.

■ The defendant contends, in his fourth assignment of error, that the domestic relations court abused its discretion in awarding to the plaintiff marital assets with a value correspondent to the value of the defendant's Federal Employees Group Life Insurance policy. We find no abuse of discretion when the record of the proceedings before the referee contains evidence upon which the court might reasonably have concluded that the defendant's entitlement to coverage under the policy arose by virtue of his employment with the federal

government during the parties' marriage. We, therefore, overrule the fourth assignment of error.

In his sixth and final assignment of error, the defendant challenges the court's exercise of its discretion in declining to order contribution from the plaintiff toward the expenses the defendant incurred in maintaining the parties' farm. We find no abuse of discretion when the court also denied the plaintiff contribution from the defendant toward the expenses she incurred for the upkeep of the marital residence until its sale and when the record supports a finding that, upon the *de facto* termination of the marriage, the defendant denied the plaintiff access to and enjoyed exclusive use of the farm. Accordingly, we overrule the sixth assignment of error.

The judgment of the domestic relations court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KLUSMEIER and GORMAN, JJ., concur.