OPINION
Defendant-appellant, Joyce Kelley, appeals from the judgment of the Domestic Relations Division of the Clermont County Court of Common Pleas which granted the parties a divorce and divided the marital assets and liabilities. For the reasons that follow, we affirm the judgment of the trial court.
Appellant and plaintiff-appellee, Robert Kelley, were married on June 8, 1968. They had two children during their marriage, both of whom were emancipated at the time the case arose. Appellant seldom worked during the marriage. Appellant was diagnosed with diabetes in 1985 and is insulin dependent. If not properly medicated, appellant becomes aggressive, combative, paranoid, and disoriented. In addition to appellant's diabetes-related problems, appellant also suffers from depression.
The parties separated in November 1994. In early 1995, the parties entered into private mediation to proceed toward a mutual dissolution of their marriage. Both parties were represented by counsel during mediation. A mediated separation agreement was drafted containing mutual agreements and considerations; however, this agreement was never signed. Soon thereafter, negotiations ceased and appellee filed a complaint for divorce on March 11, 1996. Hearings were held by the domestic relations court magistrate on February 10, 1997 and April 24, 1997 on the complaint and counterclaim for divorce. On May 1, 1997, the magistrate issued her decision and recommendations, which were objected to by appellant. The trial court issued its Decision on Objections on July 30, 1997 and issued a final decree of divorce on August 18, 1997. Appellant asserts two assignments of error on appeal as follows:
Assignment of Error No. 1:
 THE TRIAL COURT'S DECISION IN ORDERING APPELLANT TO PAY $2,284.40 OF THE $8,056.81 MASTERCARD AND VISA DEBT IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR WHEN IT DIVIDED THE MARITAL PROPERTY AND MARITAL DEBT USING THE STANDARD OF AN EQUAL DIVISION IS PRESUMED TO BE AN EQUITABLE DIVISION.
It is well-settled that in a domestic relations case, a trial court must have the discretion to do what is equitable based upon the facts and circumstances of the particular case. Briganti v. Briganti (1984), 9 Ohio St.3d 220. A reviewing court is limited to determining whether, considering the totality of the circumstances, the trial court abused its discretion. Focke v. Focke (1992), 83 Ohio App.3d 552. The term abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court but must be guided by the presumption that the findings of the trial court are correct. In re Jane Doe I (1991), 57 Ohio St.3d 135.
In determining whether the trial court abused its discretion when dividing the parties' marital assets, the reviewing court cannot examine the division of a particular asset or liability in isolation; rather, the reviewing court must view property division in its entirety, consider the totality of the circumstances, and determine whether the property division reflects an unreasonable, arbitrary or unconscionable attitude on the part of the trial court. Jelen v. Jelen (1993), 86 Ohio App.3d 199,202, following Briganti, 9 Ohio St.3d 220.
Appellant argues in her first assignment of error that the parties should be bound by the terms of the unsigned mediated separation agreement and that the trial court erred in not following the terms of the agreement. In the mediated separation agreement, the parties agreed that the Visa and Mastercard credit card debt was in the amount of $8,056.81 and that $3,488.00 was appellee's separate debt. The mediator determined that "the debt was to be divided equally and after that [appellant] would be entitled to a return of $3,184.36 from this debt. This meant that her total contribution to this debt would amount to $540.41." However, the magistrate found that the terms of the mediated separation agreement were ambiguous and rendered the following decision:
 [t]he parties did not dispute that the Mastercard and Visa credit card debts totaled $8,056.81. Of this amount, $3,488.00 was husband's separate debt. As such, the marital portion of the credit card debt is $4,568.81. Each party shall be responsible for one half of the marital portion of the debt. Husband shall be responsible for his separate debt on these accounts.[1]
Appellant filed objections to the magistrate's decision, arguing that the magistrate erred in adopting an alternate interpretation of the terms of the mediated separation agreement regarding division of the Mastercard and Visa debt. Appellant does not dispute that there was an agreement as to the total amount of the credit card debt ($8,056.81) or appellee's separate debt ($3,488.00), but states that the magistrate had no authority to change the division of debt as assigned by the mediator. The trial court's decision on the objections upheld the magistrate's division of the credit card debt, finding that "it was equitable and appropriate for the magistrate to make [appellee] responsible for separate credit card debt in the amount of $3,488.00 and divided the marital debt i.e., $4,568.81 equally between the parties."
Appellant argues that "since dissolutions are restricted to cases where both parties agree to its terms, the courts have no authority to modify those terms." Knapp v. Knapp (1986), 24 Ohio St.3d 141. However, while this action began with an attempt at mediation in order to obtain a dissolution, after negotiations ceased appellee filed a complaint for divorce. Appellant is misguided in her attempt to classify the unsigned mediation agreement as a separation agreement executed by the parties in accordance with R.C. 3105.63. Accordingly, the trial court was not required to consider the unsigned mediated separation agreement, but was required to make an equitable division of the debt.
A review of the record demonstrates that the trial court did not abuse its discretion in affirming the method of division of the credit card debt utilized by the magistrate. The magistrate's division of the credit card debt was equitable, resulting in both parties being responsible for an equal amount of credit card debt, not including appellee's separate debt. Appellant's first assignment of error is overruled.
Appellant argues in her second assignment of error that the trial court erred in dividing the marital property equally. Appellant cites the proposition that "[t]here is no presumption, rebuttable or irrebuttable, that marital property be divided equally upon divorce; rather a potentially equal division should be the starting point of the trial court's analysis before it considers the factors listed in R.C. 2105.08 and all other relevant facts." Cherry v. Cherry (1981), 66 Ohio St.2d 348. Appellant argues that the trial court erred in not considering the last prong in Cherry, which requires the consideration of all relevant facts, specifically that appellant was ordered to vacate the marital residence within thirty days. Appellant argues that she was without sufficient funds to finance such an immediate move.
Upon review of the record, this court does not believe that the trial court abused its discretion in ordering appellant to vacate the marital residence or in ordering the equal division of the marital property. The Ohio Supreme Court has held that "[w]hile under Cherry no presumption arises that marital property be divided equally, an equal division of property may still be rendered even after the trial court considers all relevant factors, including those specifically enumerated in R.C.3105.08." Booth v. Booth (1989), 44 Ohio St.3d 142, 145.
In the case at bar, the magistrate found that an "equal division is presumed to be equitable. There are no factors present in this case to rebut that presumption." A review of the record reveals that the magistrate considered appellant's physical and psychological problems and the fact that she could not maintain gainful employment. The trial court, upon adopting the decision of the magistrate, stated that
 the court recognizes that [appellant] lacks liquidity, however, [appellant] has been awarded assets in the total amount of $137,001.00. Considering the division of property and the spousal support award, the court finds that [appellant] is financially able to establish a new residence.
Furthermore, in its Decision on Objections, the court noted that "upon review of the evidence presented, the court finds that in order to prepare the marital residence for sale, it is necessary that [appellant] vacate the marital residence."
Accordingly, under these facts, we find that the equal division ordered by the trial court was not unreasonable, arbitrary or unconscionable. Therefore, appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] Mediator's division: Total debt of $8,056.81 divided in half equals $4,028.41. Appellant entitled to a return of $3,488.00 from husband's separate debt; $4,028.41 minus 3,488.00 leaves appellant owing $540.41.
Magistrate's division: Total debt of $8,056.81 minus husband's separate debt of $3,488.00 equals remaining debt of $4,568.81. Rounding up, the magistrate then divided $4,569.00 in half, finding that appellant owed $2,284.00 and appellee owed $2,285.00.