OPINION
Defendant-appellant Richard McClelland appeals from a judgment rendered by the Jefferson County Common Pleas Court, Domestic Relations Division, that denied him a portion of plaintiff-appellee Gail McClelland's pension, denied his claim for spousal support and rejected his request to be designated the beneficiary of appellee's pension survivor benefit plan in a divorce proceeding. For the following reasons, the judgment of the trial court is reversed and this cause is remanded.
 STATEMENT OF FACTS
Appellant and appellee met in 1973 at the psychiatric ward of a veterans' hospital where appellant was a patient and appellee was working as a student nurse in the United States Army. Appellant had served two tours in the Vietnam War and allegedly suffered from post traumatic stress disorder. Appellant was receiving disability benefits which continued during the marriage. The parties married on April 4, 1975. They have no children.
While on active duty with the Army, appellee earned her bachelors degree in nursing, a masters degree in psychiatric nursing and a doctoral degree in education. Appellant did not work during the marriage, claiming that his disability prohibited employment. Appellee testified to the contrary, stating that appellant refused to work despite her requests that he find employment while she was working two jobs and attending school. Nonetheless, appellant did obtain his associate, bachelor and masters degrees in psychology with appellee's financial support.
Appellee eventually attained the rank of lieutenant colonel. Appellee's military assignments included various locations such as Washington, Hawaii, Germany and California. During the marriage, the parties purchased real estate in Washington, California and Hawaii.
Appellee attributes the decay of the marriage to appellant's alleged illicit affair with a seventeen year old German national which had begun while they lived in Germany in 1985. Appellee alleges that the affair continued after they left Germany and relocated to California in 1988. Appellant denied having an affair and testified that appellee encouraged the girl to visit them in America. Appellee admitted that she allowed the girl to stay with them in California, but attributed this and other lapses in judgment to continuing attempts to reconcile with appellant due to her co-dependent personality and feelings of guilt brought on by appellant.
Nevertheless, in 1991, appellant left the marital residence in California and relocated to Steubenville, Ohio where he was raised. Appellant maintained that he and appellee mutually agreed that he would return there to start a business, but appellee denied such agreement. The German girl also relocated to Steubenville and became a manager of the bar and restaurant that appellee opened. Appellee denied having active involvement in the business but said that she was listed as an officer on the board of the corporation and paid corporate bills to ensure her good credit and to support her husband.
 STATEMENT OF THE CASE
On December 9, 1994, appellee filed for divorce. Following numerous delays, the action proceeded to trial on June 26-27 and July 10, 1997. On September 4, 1997, the trial court filed its findings of fact and conclusions of law which incorporated several of the parties' proposed findings of fact. The court found that the effective date for the termination of the marriage was December 9, 1994, the date that appellee filed for divorce. While the court determined that appellant's disability pension was a non-marital asset, it found that appellee's military pension was a marital asset. However, the court denied appellant any portion of appellee's vested military pension. Excluding the pension, the trial court awarded appellant $137,197.76 and appellee $135,114.84. The court denied spousal support for appellant and denied appellant the right to be designated the beneficiary of appellee's military pension survivor benefit plan. On September 30, 1997 the trial court filed a final decree of divorce.
Appellant appealed the trial court's decision. This court remanded the matter. We noted that the trial court did not consider the value of appellee's pension when dividing the marital property. McClelland v.McClelland (Feb. 25, 2000), Jefferson App. No. 97JE60, unreported. We instructed the trial court to assign a value to the pension and reevaluate the property division as a whole. Id. We further instructed the trial court to reevaluate whether appellant was entitled to spousal support.
On remand, the trial court determined that the value of appellee's pension was $330,783. It valued appellee's social security at $51,557. Appellant's disability pension was valued at $248,872. Because the parties were married for 70% of the time during which appellee's pension accrued, the court concluded that the marital share was $231,548.10, 70% of the total value. Nonetheless, the trial court refused to award appellant any part of appellee's pension. Additionally, the trial court awarded no spousal support to appellant and concluded that appellant is not entitled to be the beneficiary of appellee's pension survivor benefit plan. This appeal followed.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant sets forth three assignments of error on appeal. Appellant's first assignment of error alleges:
 "THE TRIAL COURT ERRED IN FAILING TO AWARD THE DEFENDANT ANY PORTION OF THE MILITARY PENSION EARNED BY PLAINTIFF DURING THE PARTIES' 20 YEAR MARRIAGE."
 STANDARD OF REVIEW
We review a trial court's division of property on an abuse of discretion standard. Thus, this court will not disturb the trial court's judgment unless the decision was unreasonable, arbitrary, or unconscionable. Bisker v. Bisker (1994), 69 Ohio St.3d 608, 609. To determine if the lower court abused its discretion:
 "* * * a reviewing court cannot examine the valuation and division of a particular material asset or liability in isolation; rather, the reviewing court must view the property division in its entirety, consider the totality of the circumstances, and determine whether the property division reflects an unreasonable, arbitrary or unconscionable attitude on the part of the domestic relations court."
 Jelen v. Jelen (1993), 86 Ohio App.3d 199, 203, citing Briganti v.Briganti (1984), 9 Ohio St.3d 220.
 LAW AND ANALYSIS
Retirement benefits acquired or accumulated during the marriage by spouses are marital property subject to property division in a divorce action. Erb v. Erb (1996), 75 Ohio St.3d 18, 20, reconsideration denied, 75 Ohio St.3d 1452; R.C. 3105.171 (A)(3)(a)(i). The division of property need not be equal between the parties, but must be equitable.Bisker, supra at 609, citing Cherry v. Cherry (1981), 66 Ohio St.2d 348,353. At a minimum, a trial court must address the statutory factors relevant to dividing marital property. Id. R.C. 3105.171, in relevant part, provides:
 "(C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."
* * *
 (F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
(1) The duration of the marriage;
(2) The assets and liabilities of the spouses;
 (3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 (4) The liquidity of the property to be distributed;
 (5) The economic desirability of retaining intact an asset or an interest in an asset;
 (6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 (7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 (8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 (9) Any other factor that the court expressly finds to be relevant and equitable."
The Ohio Supreme Court has held that "when considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result * * *." Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 179.
In Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 132, the court stated that "[a] trial court is not required to divide the pension benefits as a matter of law; however, it must consider the pension plan as a marital asset in reaching an equitable division of property."
Various methods are available to divide pension benefits upon a divorce. The four most common are:
 "(1) withdrawing the entire employee's share from the fund; (2) offsetting the present value of the nonemployee spouse's equitable share with other marital property; (3) offsetting the present value of the nonemployee's equitable share with installment payments; or (4) ordering that a percentage of the future benefit be paid, directly from the fund to the nonemployee spouse, of and when the pension matures."
 Patsey v. Patsey (Dec. 16, 1998), Columbiana App. No. 96CO52, unreported, quoting Smith v. Smith (1993), 91 Ohio App.3d 248, 253.
On remand from this court's previous opinion, the trial court noted that appellant had already been awarded $137,197.76 and appellee had been awarded $135,114.84. It found:
 "Adding [appellee's] pension and social security benefits without deducting the non-marital portions would leave [appellee] with total assets of $517,454.84. Adding [appellant's] disability pension to his previous award would give [appellant] total assets of $386,069.76. Since [appellant] is not entitled to any of the non-marital assets portion of [appellee's] pension or social security benefits, reducing those by 30% would leave total marital assets to [appellee] of $402,752.84, an amount that is $16,683.08 more than total assets of [appellant] although if his non-marital portion was taken out the difference would be $153,880.84."
The trial court incorrectly determined the share of marital property to which each party is entitled. The marital share of appellee's pension, as determined by the trial court, was $231,548.10. If appellant receives no part of appellee's pension, his marital property award is $137,197.76; appellee's is $366,662.94. Appellee's award would thus exceed appellant's by $229,465.18. Whenever a court in a domestic relations proceeding deviates so significantly from an equal division of marital property, it must set forth with specificity why such a deviation is equitable as contemplated by R.C. 3105.171, or run the risk of reversal by a reviewing court since said court is left to make a determination of equitability based on speculation.
Here, from the facts determinable from the record, we find nothing which justifies the disparity of the distribution of marital property ordered by the trial court (i.e. a 73%-27% split of marital property). Several cases from other appellate districts support our conclusion that the property division was impermissibly disparate. In Demattio v.Demattio (May 9, 2000), Tuscarawas App. No. 1999AP070042, unreported, from total marital assets in the amount of $98,370.33, the trial court awarded the wife $66,370.33 and the husband $32,000. The Fifth District Court of Appeals held that such a disparity was inequitable and that the trial court abused its discretion in making the award. Id.
In Wilson v. Wilson, (July 24, 1996), Wayne App. No. 95CA89, unreported, the parties had marital assets in the amount of $153,963. The wife was awarded $101,591 while the husband was awarded $52,372. The Ninth District Court of Appeals reversed, noting that nothing in the magistrate's decision or the trial court's order showed why equal distribution would be inequitable. Id.
In Ellars v. Ellars (1990), 69 Ohio App.3d 712, the net equity in the parties' marital assets was $18,364.46. The wife was awarded $656.96 in assets. The husband received the rest, including his entire pension. The Tenth District Court of Appeals held that such a disparate amount was improper. Id. at 720. It noted that the husband's pension should have been divided to more equitably distribute the marital property. Id.
In Dimattio, supra, the wife received 67% of the marital assets while the husband received 33%. In Wilson, supra, the wife received 66%; the husband received 34%. In Ellars, supra, the wife received 4% while the husband received 96%. In the case at bar, appellee received 73% of the marital assets, while appellant was awarded only 27%.
The trial court attempted to justify its award in several ways. It noted that appellant's disability pension is nontaxable while appellee's pension and social security may be taxed. The trial court opined that, ignoring appellee's pension, both parties could live comfortably on their income and assets. It noted that each party was awarded a home. It found that appellee worked throughout the marriage enabling the parties to acquire their assets. The trial court found that appellee was required to do household chores despite the fact that she was employed as a nurse. Finally, the trial court attributed the break-up of the marriage to appellant's actions.
These reasons are not sufficient to justify such a disparate division of the marital property. The parties were married for nearly twenty years. While appellant was not employed, he was determined to be disabled. Furthermore, he received payments for his disability. In making its award, the trial court abused its discretion. As such, appellant's first assignment of error is found to have merit. This matter is remanded to the trial court for a more equitable division of the marital property.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED IN FAILING TO AWARD ANY SPOUSAL SUPPORT TO DEFENDANT/APPELLANT."
In our previous opinion in this case, citing to R.C. 3108.171 (C)(3), we held, "it is necessary that a valid distribution of marital assets must precede an award (or disallowance) of spousal support." McClelland,supra. Thus, we remanded the question of spousal support to the trial court for a determination to be made after the marital property was properly divided. Id. While a trial court has broad discretion to determine whether an award of spousal support is appropriate, such a determination can only be made after the marital property has been divided. Hence, we remand this matter for the trial court's consideration subsequent to a division of the marital property.
 ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error alleges:
 "THE TRIAL COURT ERRED IN NOT REQUIRING THE PLAINTIFF TO DESIGNATE DEFENDANT AS A BENEFICIARY OF HER MILITARY PENSION SURVIVOR BENEFIT PLAN (SBP)."
In McClelland, supra, we remanded this very assignment of error to be considered along with the division of appellee's pension. We noted, "the survivor benefit plan is necessarily a benefit of appellee's military pension. Any allocation of this benefit is tied to our remand and subject [to] the trial court's determination upon remand." Id. As such, this matter is remanded, once again, for consideration along with the division of appellee's pension.
For the foregoing reasons, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this court's opinion and according to law. On remand, the trial court shall more equitably divide the marital property, including appellee's pension. Additionally, the trial court shall determine whether appellant is entitled to be designated as the beneficiary of appellee's pension survivor benefit plan. Finally, once the marital property has been divided in an equitable fashion, the trial court must reconsider whether spousal support is appropriate.
 ______________ VUKOVICH, P.J.
Waite, J., concurs.
DeGenaro, J., concurs.