OPINION
{¶ 1} Defendant-appellant, William Grove, appeals from a Jefferson County Common Pleas Court judgment granting a divorce between him and plaintiff-appellee, Kathy Grove, and determining that he was not entitled to a portion of appellee's pension.
 {¶ 2} The parties were married on June 19, 1987. They separated on May 30, 2004. Appellee filed a complaint for divorce on February 27, 2006.
 {¶ 3} The case proceeded to a hearing where the parties were the only witnesses to testify. The trial court granted the divorce and addressed several issues in its judgment entry. The only issue relevant to this appeal, however, is the court's decision to grant appellee her entire Public Employees Retirement System (PERS) pension.
 {¶ 4} The court found that during the course of the marriage, appellee worked for the Carroll County Department of Job and Family Services and acquired PERS benefits from her employment. She did not acquire social security benefits because she paid into PERS instead. Appellant did not acquire any pension benefits during his employment, but acquired social security benefits. The court found that appellee was not eligible to receive social security benefits as a derivative benefit from appellant. Thus, the court found:
 {¶ 5} "[A]fter taking into consideration the Social Security benefits that are available to the Husband but not available to the Wife [the court] finds that it would not be equitable to divide the PERS benefits acquired by the Wife by virtue of her employment and further finds that it would not be equitable to divide the PERS employment benefits acquired by the wife as there is no equity in the property from which she could obtain any portion of $9,312.38, which she claims as separate *Page 3 
property having been invested at the purchase of the real estate."
 {¶ 6} Consequently, the court awarded appellee her entire PERS benefits.
 {¶ 7} Appellant filed a timely notice of appeal on June 22, 2007.
 {¶ 8} At the outset, it should be noted that appellee has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C).
 {¶ 9} Appellant raises a single assignment of error, which states:
 {¶ 10} "THE TRIAL COURT ERRED IN FAILING TO VALUE THE PENSION AND AWARD THE DEFENDANT/APPELLANT ANY PORTION OF THE PERS PENSION EARNED BY THE WIFE DURING THE MARRIAGE."
 {¶ 11} Appellant argues that the trial court was required to value appellee's PERS pension and then determine whether he was entitled to a portion of it. Appellant points out that there was no testimony presented as to the current value of the pension, nor was there any testimony as to the anticipated social security benefit to him. He asserts that the trial court should have continued the hearing and ordered appellee to have her pension evaluated for a present-day value, her monthly benefit, and the impact that her pension would have on her claim to appellant's social security benefits.
 {¶ 12} Additionally, appellant contends that the court failed to take into consideration the fact that appellee filed bankruptcy and discharged the home equity loan the parties had on the marital home, leaving appellant to be the only party to be sued in the foreclosure action on the home.
 {¶ 13} A trial court has broad discretion in dividing property in divorce actions. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397,401, 696 N.E.2d 575. Thus, this court will not disturb a trial court's division of property absent an abuse of discretion. "In determining whether the trial court abused its discretion, a reviewing court cannot examine the valuation and division of a particular marital asset or liability in isolation; rather, the reviewing court must view the property division in its entirety, *Page 4 
consider the totality of the circumstances, and determine whether the property division reflects an unreasonable, arbitrary or unconscionable attitude on the part of the domestic relations court." Jelen v.Jelen (1993), 86 Ohio App.3d 199, 203, 620 N.E.2d 224.
 {¶ 14} According to R.C. 3105.171(C)(1), the trial court's division of marital property shall be equal. However, if an equal division of marital property would be inequitable, the court shall instead divide it between the spouses in the manner the court determines equitable. R.C.3105.171(C)(1).
 {¶ 15} Retirement benefits earned by one spouse during the course of the marriage are considered marital property. R.C. 3105.171(A)(3)(a)(i). Thus, the court was required to divide appellee's pension equally unless it found an equal division to be inequitable.
 {¶ 16} At the divorce hearing, appellee testified that she has earned a PERS pension, a large portion of which she acquired during the marriage. (Tr. 33, 38-39). Appellee's counsel stated that from this pension, appellee would receive approximately $1,200 per month upon retirement. (Tr. 39). However, no evidence was put forth as to the value of the pension. Appellee also stated that she contacted someone from the social security office and learned that she could not collect any of appellant's social security. (Tr. 34).
 {¶ 17} Appellee argued at the hearing that she should be entitled to her entire PERS pension. She argued that if the court divided her pension and appellant's social security, her share of her pension would be reduced by PERS because she would be receiving social security but appellant's share of social security would not be reduced because he was receiving a share of her pension. This was based on her counsel's understanding of PERS pensions. (Tr. 93-94).
 {¶ 18} In support of his position, appellant relies on this court's decision in McClelland v. McClelland (Feb 22, 2000), 7th Dist. No. 97-JE-60. In McClelland, the wife earned a military pension during the course of the marriage. When the parties divorced, the trial court denied the husband any portion of the wife's pension. The *Page 5 
husband appealed arguing that the court erred in failing to value the pension and award him a portion of it.
 {¶ 19} On appeal, this court noted that a trial court need not always divide a pension between the parties, but it must consider the pension in making a total property division. Id. We observed that "[a] pension may be divided and/or considered in an appropriate manner once the trial court has determined a value, `a sum certain.'" Id., citing Hoyt v.Hoyt (1990), 53 Ohio St.3d 177, 182, 559 N.E.2d 1292.
 {¶ 20} We then went on to point out that while the trial court determined that 70 percent of the pension was marital property and determined a monthly pension benefit the wife was to receive, the court did not determine the value of the pension. Id. We concluded:
 {¶ 21} "Although the court logically determined what percentage of the pension constituted marital property, the court's consideration of Appellee's monthly retirement benefit, absent regard for the duration of such monthly benefits, does not provide a `sum certain' as a basis for consideration in light of the rest of the marital assets. Without more, we cannot determine whether the court made an equal or equitable division of assets, here." Id.
 {¶ 22} In the present case, appellant urges that we must remand this matter so that the trial court can determine a "sum certain" for appellee's pension and then determine if he is entitled to a portion of it.
 {¶ 23} This case is similar to McClelland. Here, as inMcClelland, the court failed to determine the value of the pension. The only difference is that in this case the court did not determine what portion of appellee's pension was marital property or what appellee's monthly benefit would be.
 {¶ 24} And in another case from this court, we found that a remand was necessary when the trial court failed to value a certain asset, even though there was no evidence on the record from which to value the asset. Ketchum v. Ketchum, 7th Dist. No. 01-CO-60, 2003-Ohio-2559. InKetchum, the trial court made an unequal *Page 6 
division of marital assets. The husband appealed arguing that the division of marital property was grossly unequal and that the trial court did not justify how the unequal division could be considered equitable. The only reason the trial court gave for the disparity was that the husband's trucking business had a potential for substantial income. This court found, however, that no one had attempted to value the husband's trucking business, nor had anyone presented evidence of the potential income of the business. Id. at 37. We further observed that it appeared the trial court had sua sponte decided the trucking business was worth $31,657.94 (which was the difference between the assets awarded to the wife and the assets awarded to the husband). Id. We then found that nothing in the record supported the trial court's apparent valuation of the trucking business, because no one ever presented any evidence about the business's value. Id. Consequently, we concluded:
 {¶ 25} "The parties did not attempt to treat Appellant's trucking business as a marital asset. The court presents no theory for imposing an arbitrary value on it, particularly since neither party presented evidence of its value or a theory of how to value the business. For these reasons, Appellant's second assignment of error has merit and the case must be remanded for a valuation of the trucking business and, thus, a redivision of the marital assets." Id. at ¶ 39.
 {¶ 26} And in King v. King (Apr. 24, 1986), 8th Dist. Nos. 50380, 50695, the appellate court remanded the case, in part, so that an expert's opinion could be procured to determine the fair market value of a shoe store, which affected the distribution of marital property.
 {¶ 27} Thus, the fact that no evidence was produced at the divorce hearing as to the actual value of the pension does not preclude a remand to the trial court to consider additional evidence and to determine the value of appellee's pension.
 {¶ 28} Hence, the trial court erred in failing to determine a "sum certain" for appellee's pension along with failing to determine what portion of the pension was marital property.
 {¶ 29} Accordingly, appellant's sole assignment of error has merit. *Page 7 
 {¶ 30} For the reasons stated above, the trial court's judgment is hereby reversed as it pertains to the division of marital property. It is affirmed in all other respects. The matter is remanded so that the trial court can determine the value of appellee's pension and what portion of the pension is marital property. Once it has done so, the trial court may reallocate the marital property if necessary to accomplish the goals of R.C. 3105.171(C)(1).
Waite, J., concurs.
 DeGenaro, P.J., concurs. *Page 1