[Cite as *Bass v. Bass*, 2022-Ohio-2970.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| RHONDA SMITH BASS | : | |
| | : | |
| Petitioner-Appellee | : | Appellate Case No. 29303 |
| | : | |
| v. | : | Trial Court Case No. 2010-DR-793 |
| | : | |
| MICHAEL C. BASS | : | (Appeal from Common Pleas |
| | : | Court – Domestic Relations Division) |
| Respondent-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of August, 2022.

. . . . . . . . . . .

MATTHEW J. BARBATO, Atty. Reg. No. 0076058, 2625 Commons Boulevard, Suite A, Beavercreek, Ohio 45431
        Attorney for Petitioner-Appellee

JAY B. CARTER, Atty. Reg. No. 0041295, 111 West First Street, Suite 1150, Dayton, Ohio 45402
        Attorney for Respondent-Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Appellant Michael C. Bass appeals from a judgment of the Common Pleas Court of Montgomery County, Domestic Relations Division. He contends that the trial court erred in finding that he had received all property to which he was entitled pursuant to a divorce decree. For the reasons that follow, we affirm the trial court's judgment.

I.     Facts and Course of Proceedings

{¶ 2} This case is the fifth appeal concerning the divorce of Michael Bass and Rhonda Smith (also known as Rhonda Smith Bass).[1] The parties were married in 1998 in Las Vegas, Nevada, and no children were born as a result of the marriage. Rhonda filed a complaint for divorce in July 2010. In our most recent opinion resolving the fourth appeal, *Bass v. Bass*, 2d Dist. Montgomery No. 28217, 2019-Ohio-2746 ("*Bass IV*"), we set out the history of the case from the filing of the complaint through July 2019. In order to provide some needed context for the current appeal, we will repeat some of the facts set forth in *Bass IV*.

a.  The First Four Appeals

{¶ 3} On September 13, 2013, the trial court entered judgment granting a divorce and dividing the parties' assets. The court noted the parties' disagreement about personal property and ordered that an inventory be conducted by both parties with a third person present. After the inventory was completed, the parties were to divide the personal property items within 30 days pursuant to Mont. D.R. Rule 4.40(C). Also, the

---

[1] To avoid confusion, we will refer to the parties by their first names.

trial court divided the marital property, including allowing Rhonda to retain the house at 1101 Larona Road in exchange for her paying Michael $38,202.50 for his interest in the real estate. Michael appealed from the final judgment and decree of divorce, challenging the trial court's division and distribution of marital assets. He did not challenge the personal property division, which had not been completed at the time of the final judgment. Ultimately, we found no error and affirmed the trial court's judgment in June 2014. *Bass v. Bass*, 2d Dist. Montgomery No. 25922, 2014-Ohio-2667 ("*Bass I*").

{¶ 4} The second appeal, filed in 2015, concerned Michael's disagreement with two post-decree judgments. Relevant to us here is Michael's challenge of a July 2015 trial court judgment that had ordered, among other things, the return of Michael's unspecified jewelry and the sale of the party's time share. As to the personal property, the court added some items to the inventory list for the parties to divide under Mont. D.R. Rule 4.40(C) and found that the rest of the items were not "missing," as had been claimed by Michael. According to Michael, the trial court's judgment was against the manifest weight of the evidence. After reviewing the evidence, we disagreed, stating, in part:

> It seems that the parties have been squabbling over substantially the same set of items for years. * * * Regardless, Michael's testimony – that Exhibit M represents all the missing items as of the inventory – is the limiting aspect of our review. Each of those items either has been accounted for or, as the trial court found, went missing during Michael's occupation of the home. It is apparent that the trial court believed Rhonda's testimony that the appliances had to be replaced, that she gave [Michael] the four chairs, that

her bar stools were not their bar stools, that the red couch was the "rust" couch, and that the one or two remaining items went missing during Michael's occupancy. The court also believed Rhonda that she did not take the one or two remaining items. On this issue there is evidence to support the trial court's decision.

*Bass v. Bass*, 2016-Ohio-596, 47 N.E.3d 224, ¶ 27 (2d Dist.) ("*Bass II*").

{¶ 5} In May 2016, Michael filed a motion with the trial court involving several matters, including sale of the time-share, return of personal property, division of marital property, and payment of equity in real estate. He then filed a motion to show cause in August 2016 concerning Rhonda's alleged failure to pay him for his equity in the real estate and marital vehicles. In December 2016, the parties' counsel agreed that Rhonda and Michael would meet at Rhonda's residence, and a third party would divide the property pursuant to the local rules. However, in January 2017, Michael filed another motion to show cause, because Rhonda failed to be present on the agreed-upon date.

{¶ 6} In February 2017, the magistrate found Rhonda in contempt and imposed a 30-day sentence and a $1,000 fine, which were suspended pending Rhonda's cooperation with the property division procedure. On May 22, 2017, the trial court overruled Rhonda's objections to the magistrate's decision. Rhonda did not appeal from that judgment. Michael then filed a motion on June 28, 2017, asking the court to impose sentence because Rhonda had failed to pay fees that were imposed. He did not mention the property division.

{¶ 7} Subsequently, the magistrate found Rhonda in contempt on Michael's motion

relating to Rhonda's alleged failure to pay the money the divorce decree ordered for the division of marital property, her alleged failure to list the time-share for sale, and her alleged failure to return a set of diamond cuff links to Michael. The magistrate found Rhonda in contempt because she had made partial payment but had failed to pay Michael for his share of the value of the motor vehicles. However, the magistrate found insufficient evidence to establish that Rhonda had failed to comply with the order to list the time-share for sale or that Rhonda possessed diamond cuff links that Michael claimed to be entitled to possess. Both parties filed objections to the magistrate's decision. Ultimately, the trial court issued a judgment finding that Rhonda's objections to the July 2017 magistrate's decision were well-taken. The court found Rhonda credible concerning the fact that she had paid the full amount of the property division award to the bankruptcy trustee for Michael's bankruptcy. The court therefore concluded that Rhonda was not in contempt for failing to pay the total amount of the property division to Michael. In addition, the court overruled Michael's objections. The comments the court made about the testimony indicated that it found Rhonda more credible about the time-share and cuff links.

{¶ 8} Michael appealed from the trial court's decision finding that Rhonda was not in contempt for allegedly failing to return the cuff links to him. In *Bass v. Bass*, 2d Dist. Montgomery No. 27832, 2018-Ohio-2043 ("*Bass III*"), we affirmed the trial court's decision not to find Rhonda in contempt, noting that "[t]he trial court also was entitled to credit Rhonda's testimony that she knew nothing about Michael's cuff links and was not in possession of them." *Id.* at ¶ 11.

{¶ 9} Following our decision in *Bass III*, Michael sought imposition of a sentence on Rhonda due to her alleged failure to purge her previous contempt relating to the division of personal property. Ultimately, the trial court found that an imposition of sentence would not be ordered. The court explained:

The court finds that although Rhonda may not have technically complied with the purge opportunity, that she substantially complied and made a good faith effort to do so. The court finds Rhonda's testimony to be credible, in that, Michael has not worked with her to resolve the division of the parties' marital property. The court finds her testimony to be credible that she has attempted to work with Michael to exchange the personal property, but he has not cooperated. Additionally, the court finds that Rhonda acted in good faith by having an appraisal done and offering to pay Michael one-half of the appraised value of the personal property. As a result, the court finds that Rhonda has purged her contempt and no imposition of Sentence will be ordered at this time.

October 31, 2018 Decision and Judgment, p. 3-4.

{¶ 10} Michael appealed from that decision, the fourth appeal. In resolving the fourth appeal involving these parties, we explained that:

Michael also contends that the trial court erred when it found that Rhonda had provided him with a list of personal property. However, the personal property at issue has been known for years. *See Bass II*, 2016-Ohio-596, 47 N.E.3d 225, at ¶ 27 (noting that "[i]t seems that the parties

have been squabbling over substantially the same set of items for years.").

According to the property appraisal, the value of the property in question was $6,150. *See* Plaintiff's Ex. 1. Rhonda testified that she had offered to purchase Michael's one-half interest in the property. Tr. at p. 15. Michael did not contradict this; instead, he testified that he had "no idea" if Rhonda had offered to pay him one-half of the appraised value of the items the last time they were at court. *Id.* at p. 11. Accordingly, we find no abuse of discretion in the trial court's factual findings.

*Bass IV*, 2d Dist. Montgomery No. 28217, 2019-Ohio-2746, at ¶ 33-34.

{¶ 11} In making our determination in *Bass IV* that the trial court had not abused its discretion, we noted that the trial court judge "had previously found on more than one occasion that Michael lacked credibility and that Rhonda was more credible." *Id.* at ¶ 30, citing August 2, 2013 Decision, p. 10 (Michael's testimony about an alleged loan from his son was "less than credible") and p. 13 (Rhonda was "more credible" on the subject of Michael's income); November 16, 2017 Decision and Judgment, p. 7 (finding Rhonda's testimony credible that she paid the full amount of the marital equity to the bankruptcy trustee).

b. The Current/Fifth Appeal

{¶ 12} Following our July 5, 2019 opinion in *Bass IV*, Michael filed an October 4, 2019 "Motion to Determine Inventory and Return of Personal Property and Request for Hearing." After a hearing on the motion, the magistrate issued a decision recommending that Michael's motion be dismissed on "grounds of claims preclusion and issue

preclusion." After considering the objections filed by both parties to the magistrate's decision, the trial court sustained Michael's objections. The trial court noted that it had had many occasions to review the property division problems between the parties, but it never finally resolved some of those issues. February 25, 2021 Decision, p. 4. After summarizing the numerous times Rhonda had to defend motions for contempt based on her refusal to return certain personal property to Michael, the trial court stated:

> The court finds that much of the continuing litigation between the parties has been Michael's attempts to get Rhonda to comply with the court's orders and not an attempt to re-litigate the issue of property division. Therefore, the court finds that Michael's latest motion raises again the issue of enforcement of the court orders against Rhonda, but the court also finds that several of the claims associated with specific items of property *have* been finally decided and are barred by res judicata.

(Emphasis sic.) *Id.* at 10.

{¶ 13} The trial court noted that its July 17, 2015 decision was dispositive of some of the property issues, but it stated "[t]he court is unaware of any order which has finally terminated the disputes over the rest of the property." *Id.* at 12. The trial court ordered that a hearing be set "to determine, once and for all, an inventory of marital property, if any is left, and the division of such." *Id.* And if any marital property was left, "it shall be divided in accordance with Loc. R. 4.40(C)." *Id.* The trial court ordered both parties to submit the following three lists to the opposing party before the final hearing: 1) a list of all marital property to be divided; 2) a list of all marital property that each party wanted;

and 3) a list of all non-marital property each party claimed that he/she had not yet received from the other. *Id.* at 13.

{¶ 14} The final hearing was held on August 26, 2021. Michael, Rhonda, and Lee Sigmon, an employee at a moving company, testified at the hearing. Michael and Rhonda testified about what they believed was the remaining property to be divided or returned. Michael's three lists submitted to the court contained over 90 items that he valued at over $100,000. Rhonda's lists contained over 40 items.

{¶ 15} The trial court summarized the evidence presented at the hearing as follows:

> Michael did provide the court with the ordered lists. Defendant's Exhibit A is the list of marital property that Michael alleges still needs to be divided. However, the vast majority of the items in Defendant's Exhibit A are fixtures that were in the parties' marital residence at 1101 Larona Road in Trotwood, Ohio. For instance, Michael is requesting numerous sets of blinds that are in the home at 1101 Larona Road. Additionally, he requests a security camera, a wall oven, a refrigerator, dishwasher, cooktop range, and numerous other fixtures. Additionally, under cross-examination, Michael agreed that he had received several of the items on the list. Furthermore, Michael listed values for the items on Exhibit A, but provided the estimated purchase price of these items and not their present fair market value. Additionally, for the most part, Michael did not provide the court with any verification of the purchase price or the values of the items. The court

will note that in the parties' Final Judgment and Decree of Divorce that Rhonda was awarded the real estate at 1101 Larona Road in Trotwood, Ohio. Therefore, Rhonda would have retained all of the fixtures that were contained within the home. Additionally, Michael received $38,302.50 as and for his share of the marital interest in the real estate at 1101 Larona Road in Trotwood, Ohio.

Michael contends that he did not receive most of his personal property, primarily jewelry items. However, he also testified that he did receive some of his jewelry, including watches, rings, a bracelet, and necklaces, but could not provide the court with any particularity as to what specific items he did not receive. Furthermore, Michael acknowledged that he received some personal property items in 2013 and additional jewelry items in 2015. While testifying, Michael presented as Exhibits, pictures of numerous personal property items, and during his testimony, acknowledged that he had received many of those items.

Rhonda testified that she has given to Michael, everything she believes he is entitled to. Furthermore, Rhonda testified that she believes the property items that each has retained is a fair and equitable division for both parties. In essence, that each of them has received marital property of approximately equal value.

October 25, 2021 Decision, p. 2-3.

{¶ 16} The trial court noted that Lee Sigmon, an employee of Greater Dayton

Moving and Storage, testified that, on or around January 28, 2017, he helped move personal property from 1101 Larona Road in Trotwood to Michael's current residence. Sigmon explained that the move filled a mid-size truck and included such items as household goods, pool furniture, beds, and other items. *Id.* at 3-4.

{¶ 17} The trial court concluded "that each party has received all of the marital and non-marital property in which they are entitled to and that the division of marital property was fair and equitable." *Id.* at 6. However, the trial court noted that Rhonda was willing to give some additional items to Michael and that she had acknowledged having several items that Michael alleged were his personal property. The court concluded that "[a]lthough Michael failed to demonstrate that these are non-marital in nature, the court will order that they be returned to him, in that, Rhonda has voluntarily offered to give Michael the property." *Id.* at 4-5.

{¶ 18} Michael appeals from the trial court's October 25, 2021 decision.

II. Michael Failed To Demonstrate That The Trial Court's Property Division Constituted An Abuse of Discretion

{¶ 19} Michael's sole assignment of error states that:

THE TRIAL COURT ERRED IN FINDING THAT MICHAEL BASS HAS RECEIVED ALL PROPERTY TO WHICH HE IS ENTITLED.

{¶ 20} R.C. 3105.171(B) states, in pertinent part: "[i]n divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. * * * [U]pon making such a determination, the court shall divide the marital and

separate property equitably between the spouses, in accordance with this section."

Further, R.C. 3105.171(C) provides:

> Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section.

{¶ 21} "Generally, a court dividing property upon divorce must award each spouse his or her separate property." *Harrington v. Harrington*, 4th Dist. Gallia No. 08CA6, 2008-Ohio-6888, ¶ 11, citing R.C. 3105.171(D). "There is a presumption in Ohio that an asset acquired during the course of the marriage is marital property, unless proved otherwise." *Tincher v. Tincher*, 5th Dist. Fairfield No. 2019 CA 0028, 2020-Ohio-3352, ¶ 63, citing *Haven v. Haven*, 5th Dist. Ashland No. 12-COA-013, 2012-Ohio-5347, ¶ 23. Correspondingly, the definition of "separate property" includes "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage[.]" R.C. 3105.171(A)(6)(a). "The party to a divorce action seeking to establish that an asset or a portion of an asset is separate property, rather than marital property, has the burden of proof by a preponderance of the evidence." (Citations omitted.) *Id.* at ¶ 64.

{¶ 22} "A domestic relations court is vested with broad discretion to determine what

constitutes an equitable division of property in a divorce proceeding, and its exercise of discretion will not be disturbed on appeal in the absence of some demonstration that the court abused its discretion." *Jelen v. Jelen*, 86 Ohio App.3d 199, 203, 620 N.E.2d 224 (1st Dist.1993), citing *Martin v. Martin*, 18 Ohio St.3d 292, 480 N.E.2d 1112 (1985). "In determining whether the trial court abused its discretion, a reviewing court cannot examine the valuation and division of a particular marital asset or liability in isolation; rather, the reviewing court must view the property division in its entirety, consider the totality of the circumstances, and determine whether the property division reflects an unreasonable, arbitrary or unconscionable attitude on the part of the domestic relations court." *Id.* at 203, citing *Briganti v. Briganti*, 9 Ohio St.3d 220, 459 N.E.2d 896 (1984).

{¶ 23} After reviewing the testimony and exhibits presented by the parties, the trial court found, in part:

Michael has received all of the marital and non-marital property that he is entitled to pursuant to the parties' divorce. Furthermore, the court finds Rhonda's testimony to be credible in that she has provided Michael with virtually all of the items that he has requested and that she has made efforts in the past to accomplish the division of property, but that Michael has been less than cooperative. The court further finds that Michael's requests are so ambiguous and lacking in specificity that it would be impossible to determine whether he has received the items or not. In fact, during his testimony, Michael questioned the accurateness of his own documents indicating that he had received numerous items that he claimed

he had not received. Furthermore, as previously stated above, Michael has no entitlement for the fixtures that were in the residence at 1101 Larona Road, Trotwood, Ohio, in that Rhonda was granted the residence at 1101 Larona Road, Trotwood, Ohio, in the divorce.

October 25, 2021 Decision, p. 4.

{¶ 24} The trial court then ordered Rhonda to transfer to Michael the following items that she had in her possession: a Eureka sweeper, a master bedroom acrylic black bench, a white bedroom bench, a black lacquer television stand, a red suede chair, three black chairs, a black lacquer cocktail table, two black lacquer floor lamps, two hanging pictures, a silk flower arrangement, a cedar chest with pictures, and a Kirby sweeper. *Id.* at 5.

{¶ 25} Michael contends that the trial court's decision "fail[ed] to take into consideration the fact that Rhonda has refused to cooperate with the property division for such a lengthy period of time that considerable dissipation and property loss has occurred." Appellate Brief, p. 13. According to Michael, the trial court "should have taken into consideration financial misconduct, dissipation and destruction of property, and should have valued the assets and provided Michael Bass with an equitable share of them or equitable compensation." *Id.* at 15. Further, Michael argues that the trial court erred in categorizing items such as the refrigerator and dishwasher as fixtures. *Id.* As a result, Michael requests us to remand the case to the trial court "for a fair valuation of the items at issue and for an award that is equitable." *Id.* at 17.

{¶ 26} Initially, we note that Michael fails to identity with specificity on appeal

exactly what items the trial court failed to order Rhonda to return that it should have or what value he believes he is entitled to in a distribution. Instead, he requests a remand for the trial court to presumably begin this process anew and to make a finding of financial misconduct against Rhonda. We do not believe this would be appropriate.

{¶ 27} Michael ignores the fact that both parties, not just Rhonda, have contributed to this long, tortured history since the final judgment of divorce. Although Rhonda was found in contempt on five different occasions, the trial court has also found her more credible than Michael with regard to the property issues on several occasions. In fact, in the judgment that forms the basis for the current appeal, the trial court based a significant portion of its ruling on the fact that Michael was less credible than Rhonda. The fact finder "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of proffered testimony." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). "Therefore, the trier of fact determines the credibility to be afforded testimony and the weight to be given evidence." *Harrington,* 4th Dist. Gallia No. 08CA6, 2008-Ohio-6888, at ¶ 11. " 'The factfinder may accept or reject all, part, or none of the testimony of each witness.' " *Id.*, quoting *In re A.E.*, 2d Dist. Greene No. 2006-CA-153, 2008-Ohio-1864, ¶ 15.

{¶ 28} We also share the trial court's view that Michael is precluded, on res judicata grounds, from pursuing much of the personal property that he identified in preparation for the final hearing. Previously, at a December 11, 2014 Hearing, Exhibit M was introduced. This Exhibit contained what was considered a final list of missing items. In

*Bass II*, we stated, in part:

> The entire dispute here boils down to nine items listed on Exhibit M, which Michael confirmed represents all of this claimed missing property. These items are a red acrylic art piece, two acrylic cocktail tables, four suede chairs, a rust-colored sofa, two black living room chairs, three black bar stools, a washer and dryer, and two acrylic art pieces.

(Citation omitted.) *Bass II*, 2016-Ohio-596, 47 N.E.3d 224, at ¶ 23.

{¶ 29} We then cited a July 17, 2015 decision of the trial court in which the court "concluded that all the items are accounted for or 'went missing when Michael had possession of the marital residence.' " *Id.* at ¶ 24. Ultimately, we found that the trial court's resolution of the issues was not against the manifest weight of the evidence. Neither party appealed from our February 19, 2016 Opinion.

{¶ 30} The record also contains a December 4, 2013 "Motion to Vacate Hearing" in which Michael stated that he had "recovered his vehicle and a significant portion of his non-marital assets." Further, Rhonda testified that she had made efforts to get the property division issues resolved and previously paid for an appraisal of the remaining property to be divided and the appraisal came out to $6,150. August 26, 2021 Hearing Tr. p. 62-64, 98. Rhonda offered to pay half this amount to Michael. *Id.* at 65. This testimony is consistent with the trial court's October 31, 2018 decision, which found Rhonda had purged her contempt. In that decision, the trial court stated, in part:

> The court finds Rhonda's testimony to be credible in that Michael has
> not worked with her to resolve the division of the parties' marital property.

The court finds her testimony to be credible that she has attempted to work with Michael to exchange the personal property but he has not cooperated. Additionally, the court finds that Rhonda acted in good faith by having an appraisal done and offering to pay Michael one-half of the appraisal value of the personal property.

October 31, 2018 Decision, p. 3-4.

**{¶ 31}** Moreover, the testimony of Lee Sigmon supported the trial court's finding that both parties had received their equitable share of property in this matter. Sigmon testified that he moved one or two truckloads of furniture in January 2017 from Rhonda's house to Michael's house. August 26, 2021 Hearing Tr. p. 6-8. He specifically remembered moving patio or pool furniture and bedroom furniture. *Id.* at 11-12.

**{¶ 32}** This is the fifth appeal involving the same parties since the divorce was finalized in 2013. Several different judgments of the trial court have been appealed, and property division issues have been addressed in some of the four prior appeals. As the trial court noted, the parties are barred by res judicata from raising property division issues that they could have raised in any of the four prior appeals. While we understand the frustration of Michael when he points out the obstruction he faced from Rhonda on numerous occasions during the property division process, the record is not nearly as one-sided as he states. The trial court found Rhonda more credible than Michael on several occasions, and the record is replete with evidence that Michael did in fact receive a significant amount of property.

**{¶ 33}** We are reminded that we are reviewing the trial court's property division for

an abuse of discretion.   And in that review, we "cannot examine the valuation and division of a particular marital asset or liability in isolation" but rather we "must view the property division in its entirety, consider the totality of the circumstances, and determine whether the property division reflects an unreasonable, arbitrary or unconscionable attitude on the part of the domestic relations court."   *Jelen*, 86 Ohio App.3d at 203, 620 N.E.2d 224, citing *Briganti v. Briganti*, 9 Ohio St.3d 220, 459 N.E.2d 896 (1984).   Based on our review of the extensive record before us and the totality of the circumstances that developed over the past nine years, we cannot conclude that the trial court abused its discretion in its property division.   Therefore, Michael's sole assignment of error is overruled.

III. Conclusion

**{¶ 34}** Having overruled Michael's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Matthew J. Barbato
Jay B. Carter
Hon. Timothy Wood